283 So.2d 63 (1973)
John J. TIMMINS and Margaret I. Timmins, Appellants,
v.
Mary Alice FIRESTONE et al., Appellees.
No. 72-912.
District Court of Appeal of Florida, Fourth District.
September 7, 1973.
Rehearing Denied October 9, 1973.
*64 John J. Timmins, and Margaret I. Timmins, Pompano Beach, in pro. per.
Robert L. Saylor, Farish & Farish, West Palm Beach, for appellees, Mary Alice Firestone and Joseph D. Farish, Jr.
Theodore R. Hainline, Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee, Gore Newspapers Co.
OWEN, Chief Judge.
On December 15, 1971 the appellants filed in the Circuit Court of Palm Beach County a complaint against the appellees alleging a conspiracy to libel the plaintiffs and a conspiracy to intentionally interfere with the business, marital and family relations of the plaintiffs. The court dismissed the complaint for failure to state a cause of action. An amended complaint and a second amended complaint each suffered the same fate, the latter being dismissed with prejudice, resulting in this appeal.
Appellants assign as error the dismissal of Counts I, II and III of the amended complaint (as to Appellees-Farish and Firestone), dismissal of Count V of the amended complaint (as to Appellee-Gore), and the dismissal of the second amended complaint (as against all appellees). We conclude that the court did not err in dismissing the amended complaint and the *65 second amended complaint, the latter with prejudice, and therefore affirm.
The several counts of the amended complaint and the second amended complaint alleged that in furtherance of the conspiracy, the defendants did certain overt acts resulting in newspaper publications in July, 1966. The cause of action for the alleged conspiracy to libel and conspiracy to intentionally interfere with plaintiff's business accrued at that time. The statute of limitations for a conspiracy charge is four years. Faulk v. Allen, 1943, 152 Fla. 413, 12 So.2d 109. While usually an affirmative defense must be asserted by answer, Rule 1.110(d), RCP, 30 F.S.A., permits an affirmative defense appearing on the face of a prior pleading to be asserted as grounds of a motion to dismiss for failure to state a cause of action. The affirmative defense of the statute of limitations appeared on the face of the amended complaint and the second amended complaint, and thus the court correctly terminated this litigation favorable to the defendants by a dismissal with prejudice.
Appellants sought to avoid the effect of the statute of limitations by alleging that the libel was republished in July, 1970. However, that allegation is nothing more than the pleader's conclusion, as the factual allegation upon which it is based alludes to nothing more than a photograph of Appellant-Firestone appearing in the July 17, 1970 edition of a newspaper published by Appellee-Gore.
Appellant's second amended complaint also alleged that Appellee-Gore libeled the plaintiff-John Timmins by virtue of a news item appearing in the April 6, 1970, issue of the Ft. Lauderdale News, a copy of the publication being incorporated by reference. Such publication was not libelous and furnished no basis for a civil action in that respect.
Affirmed.
WALDEN and MAGER, JJ., concur.