354 So.2d 940 (1978)
Gustav L. LUND and Harriet Bernice Lund, Appellants,
v.
J.W. COOK, Appellee.
No. FF-164.
District Court of Appeal of Florida, First District.
February 2, 1978.
Rehearing Denied February 28, 1978.
*941 C. Roger Vinson of Beggs & Lane, Pensacola, for appellants.
A.G. Condon, Jr., of Holsberry, Emmanuel, Sheppard & Condon, Pensacola, for appellee.
McCORD, Chief Judge.
This appeal is from a summary judgment in favor of appellee by which the trial court ruled that the statute of limitations had run on appellants' cause of action. We disagree and reverse.
Appellants filed this action against appellee on January 20, 1976, for alleged negligence in making a survey and plat, the plat having been delivered to appellants in August, 1958. As stated by the trial judge in the summary judgment, appellee admitted the allegations of the complaint for the purposes of argument on the motion for summary judgment and the parties stipulated that the alleged errors in the survey work and plat were not readily apparent or discoverable by appellants; that there is evidence that appellants did not become aware of the error or errors in the survey work and plat until 1973 or 1974; that the applicable statute of limitations is § 95.11(3)(a) or § 95.11(3)(p), Florida Statutes (1975), both of which specify a period of four years. The issue before the trial court and the issue here is whether or not the statute of limitations began to run at the time of delivery of the survey and plat to appellants or at the time appellants knew or should have known of the existence of the defects therein. Chapter 74-382, Laws of Florida, made certain changes in § 95.11, and appellants contend that these changes did not alter the well-established "discovery rule" in Florida as to this cause. Appellee contends that the 1974 amendment eliminated such rule, and the statute of limitations therefore began to run in 1958 rather than in 1973 or 1974 when the errors were discovered; that this action is thus barred.
From the allegations of the complaint it appears that appellants were the owners of certain property and employed appellee to survey the property and prepare and certify the plat of a subdivision; that appellants caused the plat prepared by appellee to be recorded and thereafter sold lots to purchasers under warranty deeds over an extended period of time; that appellants later discovered that the subdivision was inaccurately and improperly located by appellee's survey and that it seriously encroached upon other property; that appellants were forced as a result thereof to purchase all of the land shown on the survey as encroaching upon such other property, such purchase being made on November 14, 1974.
In Creviston v. General Motors Corp., 225 So.2d 331 (Fla. 1969), a products liability suit, the Supreme Court held that the statute of limitations on the action ran from the time the buyer first discovered or reasonably should have discovered the defect. The court there followed its previous rule established in City of Miami v. Brooks, 70 So.2d 306 (Fla. 1954), a malpractice negligence action in which the court held that the statute of limitations attaches when there has been notice of an invasion of a legal right of the plaintiff or he has been put on notice of his right to a cause of action. The court there said:

*942 "To hold otherwise, under circumstances of this kind, would indeed be a harsh rule and prevent relief to an injured party who was without notice during the statutory period of any negligent act that might cause injury."
In Creviston, the Supreme Court, referring to its previous ruling in Brooks and other cases, said:
"From the standpoint of legal principles, the holdings in the cases above discussed appear to crystallize in favor of application of the blameless ignorance doctrine in those instances where the injured plaintiff was unaware or had no reason to know that an invasion of his legal rights has occurred. In reality, such a doctrine is merely a recognition of the fundamental principle that regardless of the underlying nature of the cause of action, the accrual of the same must coincide with the aggrieved party's discovery or duty to discover the act constituting an invasion of his legal rights." (emphasis supplied)
Chapter 74-382, Laws of Florida, did not change this rule though it did provide an overall limitation on its application as to certain specific types of cases. Rather than abrogate the rule, the amendment reinforces it. § 95.031, Florida Statutes (1975) now provides:
"Except as provided in subsection 95.051(2) and elsewhere in these statutes, the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues.
(1) A cause of action accrues when the last element constituting the cause of action occurs ..."
When we turn to the Supreme Court's ruling in Creviston, we find that the cause of action accrues with the aggrieved party's discovery or duty to discover the act constituting an invasion of his legal rights. We find nothing in the statutes that abrogates this ruling in Creviston. It should be noted, however, that the amended statute does modify the rule to some extent in actions for products liability and fraud by placing an overall limitation thereon of 12 years after the date of delivery of the completed product to the original purchaser or the date of the commission of the alleged fraud, regardless of the date the defect in the product or the fraud was or should have been discovered. See § 95.031(2). Also, the amended statute places the same 12-year overall limitation upon an action founded on the design, planning, or construction of an improvement to real property which involves a latent defect. See § 95.11(3)(c). In addition, § 95.11(4)(a) and (b) place similar overall limitations upon actions for professional malpractice and actions for medical malpractice.
The record at this point affirmatively indicates that this action was filed within four years of the discovery by appellants of the defects in the survey and plat. The trial judge erred in entering summary judgment in favor of appellee.
REVERSED.
BOYER and MILLS, JJ., concur.