**LISBON CONTRACTORS, INC.,**
**Plaintiff,**

v.

**MIAMI–DADE WATER AND SEWER AUTHORITY, Defendant/Third Party Plaintiff,**

v.

**POST, BUCKLEY, SHUH AND JERNIGAN, INC., Third Party Defendant.**

**No. 81–2585–Civ–EPS.**

United States District Court,
S. D. Florida,
Miami Division.

March 23, 1982.

Larry R. Leiby, Leiby & Elder, Miami, Fla., for Lisbon Contractors; Donald G. Gavin, Allan H. Goodman, Wickwire, Gavin & Gibbs, P. C., Vienna, Va., Otis W. Erisman and Wilber L. Kipnes, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., of counsel.

Robert G. Worley and C. Jan Strayhorn, Miami, Fla., for Miami Dade Water & Sewer.

William J. Flynn, Peters, Pickle, Flynn, Niemoeller, Stieglitz & Downs, Miami, Fla., for Post, Buckley, Schuh & Jernigan, Inc.

## ORDER AND MEMORANDUM OPINION

SPELLMAN, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss the Complaint for Declaratory Judgment, the Third Party Defendant's Motion to Dismiss Third Party Complaint and Defendant's Motion for Limited Appearance of Counsel. The Court will deal with each motion respectively.

■ As to the Defendant's Motion to Dismiss the Complaint for Declaratory Judgment, having reviewed the record in this cause, the Court finds that the Motion must be denied. The Defendant Miami Dade Water and Sewer Authority (WASA) let out bids for completion of a sewer project in southwest Dade County. The Plaintiff in the instant cause, was low bidder and was awarded the contract. Prior to receiving bids, WASA retained an engineering firm (Engineers) to make soil sample tests for the purpose of determining the soil quality in the area of construction. The Plaintiff alleges that they relied upon the soil reports submitted by the Engineer in calculating their bid. Subsequently, Plaintiff alleges that they encountered considerably different soil conditions than those anticipated, which required the expenditure of additional sums over those bid. Plaintiff's Complaint for Declaratory Judgment prays for a declaration that they are:

> entitled to compensation in accordance with Paragraph 3(a) of Appendix C–2 for the increased costs attributable to the differing subsurface conditions from those indicated in the contract and normally expected in southern Dade County,

with the request that:

> Defendant Miami Dade Water and Sewer Authority be ordered to modify the contract in writing to reflect Lisbon's entitlement to additional compensation.

WASA's Motion to Dismiss focuses on the argument that allowing such a declaratory judgment action would result in "piecemeal litigation" because no specific damages on the part of the Plaintiff have been averred. We disagree and find this set of facts is particularly appropriate for declaratory judgment relief. In an action such as this liability and damages are properly bifurcated, for if it is determined that there is no entitlement to additional compensation on Plaintiff's part, then the damages sustained are immaterial as to the Defendant.

The United States Court of Appeals for the Fifth Circuit has upheld the right to declaratory judgments despite an ambiguity in calculating the amount of future damages, stating that:

> The declaratory judgment is an effective tool in judicial administration. We should not be niggardly in its use, nor encase it with inflexibilities and rigidities, but rather hone it to specific problems.[1]

The facts presented to this Court show that there is a real controversy presented between adverse parties which is of sufficient immediacy to warrant the Court denying the Motion to Dismiss the Complaint for Declaratory Judgment and invoking its discretionary jurisdiction over Plaintiff's complaint.

■ As to the Third Party Defendant's Motion to Dismiss the Third Party Complaint, we find it is similarly without merit and must be denied. WASA, the Third Party Plaintiff has filed a Third Party Complaint against the Engineering firm which performed the soil quality tests. The Engineers move to dismiss, alleging that the third party action is barred by the Florida Statute of Limitations, Sections 95.-11(3)(a), 95.11(4)(a) and 95.11(5)(a).

Section 95.11(5)(a) speaks of a one year limitations period for an action for specific performance of a contract. This is inapplicable to the facts before the Court. Section 95.11(3)(a) or (4)(a) are the applicable limitations provisions, which grant a four and two year period, respectively. Section 95.-11(3)(a) pertains to negligence actions and

1. *Sequros Tepeyac, S.A. Compania Mexicana v. Jernigan,* 410 F.2d 718 (1969), *cert. denied* 396 U.S. 905, 90 S.Ct. 219, 24 L.Ed.2d 181 (1969).

(4)(a) pertains to actions based upon professional malpractice.

■ Section 95.11(4)(a) specifically states that the:

period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence.

The Engineers are wrong in calculating the running of the statute from the date of their signing of the contract to perform the tests for WASA on September 8, 1977. The limitations period began running either when the work was performed in May 1980 or when the cause of action was discovered, or should have been, with due diligence. Calculating the allowable time frame using the more restrictive two year period of (4)(a) and the date the work was performed gave WASA until May of 1982 to file their complaint against the Engineers. The complaint was filed on January 4, 1982 and therefore the third party complaint is within the applicable statute of limitations. The Third Party Defendant's Motion to Dismiss the Third Party Complaint because of the running of the Florida Statute of Limitations is denied.

■ The third party defendant also argues that the third party complaint should be dismissed for failure to state a cause of action. This argument also fails. The Court finds that retention of the impleaded third party defendant will,

avoid circuity of action and dispose of the entire subject matter arising from one set of facts in one action.[2]

In addition we find that WASA relies specifically upon a contractual right of recovery against the third party defendant which is found in the United States Environmental Protection Agency Assisted Contract in Required Provision 2 entitled, "Responsibility of the Engineer" (Appendix C–1, 40 CFR, Part 35, Subpart E). WASA alleges that this provision "became part of the Engineer's Contract by virtue of the requirements of 40 CFR § 35.937–9 and paragraph D of Appendix D to 40 CFR Part 35, Sub-

part E." The applicable section of the CFR, Required Provisions, Construction Contracts (Appendix C–1) states that in the case of breaches, they may be decided "in a court of competent jurisdiction". We find that WASA as third party plaintiff does state a cause of action under the provisions of the cited Code of Federal Regulations, which is applicable to WASA as an assisted governmental entity, and therefore the Motion to Dismiss the Third Party Complaint is denied.

Remaining for disposition is the Defendant WASA's Motion for Limited Appearance of Counsel. The motion is in accord with the requirements set forth in Local Rule 10D of the Southern District of Florida and is therefore granted. It is hereby,

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss the Complaint for Declaratory Judgment is denied. It is further ORDERED that the Third Party Defendant's Motion to Dismiss Third Party Complaint is also denied, and the Defendant's Motion for Limited Appearance of Counsel is granted.

---

2. Wright, *Federal Courts*, 3rd Ed., § 76 at 375.