447 So.2d 343 (1984)
TOLEDO PARK HOMES and H.D.V. Construction Corp., Appellants,
v.
John A. GRANT, Jr., Appellee.
No. 82-2607.
District Court of Appeal of Florida, Fourth District.
February 29, 1984.
Rehearing Denied April 4, 1984.
*344 Ephraim Collins, Margate, for appellants.
Peters, Pickle, Flynn, Niemoeller & Downs, Miami, and Jeanne Heyward, Miami, for appellee.
HERSEY, Judge.
This matter began as an action for breach of contract and professional malpractice. Pursuant to contract entered into and performed in 1977, appellee, a registered land surveyor, prepared various plats and surveys for appellees. One such sketch of survey failed to disclose an encroachment by easement on a particular lot. After sale of that lot its purchaser filed suit and recovered damages from appellee occasioned by the undisclosed easement. In response to the complaint initiating the present litigation appellee interposed a motion to dismiss. One basis for the motion was that the statute of limitations applicable to professional malpractice, Section 95.11(4), Florida Statutes (1981), barred the action.
The trial court granted the motion and subsequently entered a final judgment finding that it was the intent of the legislature to remove claims involving professional malpractice arising out of contractual relationships based on a written instrument from the five (5) year statute of limitations set forth in Section 95.11(2), Florida Statutes, such causes of action being governed instead by the two (2) year statute of limitations provided for in Section 95.11(4), Florida Statutes.
Appellant argues that the two year statute of limitations for professional malpractice does not apply, relying on Lund v. Cook, 354 So.2d 940 (Fla. 1st DCA), cert. denied, 360 So.2d 1247 (Fla. 1978). We agree with this proposition and reject appellee's hypothesis that every activity subject to the jurisdiction of the Department of Professional Regulation constitutes a "profession" within the scope of the malpractice statute of limitations, Section 95.11(4), Florida Statutes (1981). To hold otherwise would bring activities such as embalming and cosmetology within the professional malpractice statute of limitations. We are confident the legislature had no such intention. Accordingly, we hold that the four year statute of limitations in Section 95.11(3), Florida Statutes (1981) (actually its predecessor) applies here. Accord: School Board of Seminole County v. GAF Corp., 413 So.2d 1208 (Fla. 5th DCA 1982), rev'd. sub. nom. on other grounds, Kelley v. School Bd. Seminole County, 435 So.2d 804, 805 n. 2 (Fla. 1983). For contrary dicta see Lisbon Contractors, Inc. v. Miami-Dade Water & Sewer Authority, 537 F. Supp. 175 (S.D.Fla. 1982).
Reversal of the final judgment is required, however, not because the wrong statute of limitation period was applied but for another reason. The defense of the statute of limitations may be raised by motion to dismiss only where its violation appears on the face of the complaint or its exhibits. Estate of James v. Martin Memorial Hospital, 422 So.2d 1043, 1045 (Fla. 4th DCA 1982). In that case we also pointed out that the period of limitations begins to run from the time the cause of action was discovered or with the exercise of due care, should have been discovered. The cause of action accrues when the last element *345 constituting the cause of action occurs. Lund, 354 So.2d at 942. Thus even if appellant's claim that "the last element was the finding of the jury that there were damages which were attributable to the appellants as a result of the improper survey" were correct, and it is not, appellant loses because the complaint contains no indication as to when this event occurred. In short the only time frame referred to in the complaint is the date of contract and the date of delivery of the offending sketch of survey. There is no way to tell when the alleged error was or should have been discovered. Accordingly we reverse and remand for further proceedings.
REVERSED and REMANDED.
LETTS and BERANEK, JJ., concur.