Chester A. LANEHART, et al.

v.

Donald J. DEVINE, et al.

Civ. No. Y–83–3545.

United States District Court,
D. Maryland.

Aug. 2, 1984.

Ira M. Lechner, Kathleen G. Vagt, Washington, D.C., and Donald H. Feige, Towson, Md., for plaintiffs.

Jack C. Tranter, Asst. U.S. Atty., Baltimore, Md., for defendants.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

This case presents the question of what constitutes waiver of a venue defense under Rule 12 of the Federal Rules of Civil Procedure. On October 11, 1983, plaintiffs, seven firefighters employed by the federal government and working in Maryland, sued Donald J. Devine, Director of the U.S. Office of Personnel Management, Raymond Donovan, Secretary of Labor, and the United States. Before defendants responded to the complaint, plaintiffs filed a First Amended Complaint eliminating certain claims contained in the original complaint. *See* Fed.R.Civ.P. 15(a). The amended complaint states that plaintiffs brought this action on behalf of themselves, and "with respect to declaratory judgment, on behalf of other employees of the defendant United States of America who are similarly situated." Plaintiffs, asserting various claims under Title 5 of the United States Code and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a) and (k), seek damages under 28 U.S.C. § 1346(a)(2) ("Tucker Act"), and declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

On January 11, 1984, the government answered the amended complaint, raising several defenses but failed to raise a venue defense even though the complaint stated on its face that named plaintiff Gary Brouse was a resident of Pennsylvania, not Maryland. On January 26, 1984, plaintiffs filed the motion currently confronting this Court, the First Motion to Add Plaintiffs. Plaintiffs seek to add 550 plaintiffs to the action pursuant to Rule 15(a) and Rule 21, Fed.R.Civ.P. Approximately 63 of the individuals that plaintiffs proposed to add reside in Maryland. The government opposes the motion on grounds that venue is improper as to those individuals who do not reside in Maryland, that the addition of plaintiffs would violate Congressional intent, and that addition of parties is improper under Rule 21. Defendants admit that venue has been waived as to plaintiff Gary Brouse, however, they strenuously argue that there has been no waiver as to any of the non-residents which plaintiff now seeks to add. They claim that because the defense was "unavailable" as to the additional plaintiffs at the time the answer was filed, the defense can now be raised as to those individuals who are not Maryland residents. Plaintiffs argue that the Rule 21 language is unequivocal, asserting that once the venue defense is waived it is waived for the entire action.

The applicable venue provision under the Tucker Act, 28 U.S.C. § 1402, provides that "any civil action against the United States ... may be prosecuted only ... in the judicial district where the plaintiff resides." However, a subsequent section, 28 U.S.C. § 1406, indicates that this provision does not "impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to venue." Under Rule 12 of the Federal Rules of Civil Procedure, a defense of improper venue is waived if it is "no[t] included in a responsive pleading."

The question confronting this Court is whether defendants' waiver of venue as to one plaintiff is a waiver of venue as to additional plaintiffs who may later be joined. Neither party has directed the Court to case law which addresses this issue in an analogous context and the Court has found none. In the absence of prior authority this Court concludes that defendant has waived its defense.

In *Neirbo v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939), Justice Frankfurter noted that in contrast to jurisdiction, "the locality of a law suit ... though defined by legislation [,] relates to the convenience of litigants and as such is subject to their disposition." He noted that present 28 U.S.C. § 1391, the

general statutory venue provision, "merely accords to the defendant a personal privilege respecting the venue, or place of suit, which he may assert, or may waive, at his election." *Id.* at 168, 60 S.Ct. at 155 (citations omitted). Justice Frankfurter continued:

Being a privilege, it may be lost. It may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct. Whether such surrender of a personal immunity be conceived negatively as a waiver or positively as a consent to be sued, it is merely an expression of literary preference. The essence of the matter is that courts affix to conduct consequences as to place of suit consistent with the policy behind [the general statutory venue provision], which is "to save defendants from inconveniences to which they might be subjected if they could be compelled to answer in any district or wherever found."

*Id.* (citations omitted). More recently, in *Leroy v. Great Western United Corp.*, 443 U.S. 173, 184, 99 S.Ct. 2710, 2716, 61 L.Ed.2d 464 (1978), the Supreme Court noted that "[i]n most instances the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." (emphasis in original).

Under Rule 12, a party is required to assert the defense of improper venue "at the time he makes his first defensive move—whether it be a Rule 12 motion or a responsive pleading." 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1391. The penalty for failing to raise the defense is waiver. *Id.* According to Wright & Miller:

the message conveyed by the present version of Rule 12(h)(1) seems quite clear. It advises a litigant to exercise great diligence in challenging personal jurisdiction, venue, or service of process.

*Id. See also* Fed.R.Civ.P. 12, Notes of Advisory Committee on Rules to 1966 Amendment. The only circumstances under which the strict waiver policy of Rule 12(h) does not apply are those in which the defense was unavailable at the time the

party answered. *See* Fed.R.Civ.P. 12(g). For example, "if the complaint does not give defendant sufficient notice that plaintiff is making a certain type of claim." 5 *Federal Practice and Procedure, supra*, at § 1391. However, "[a]mendment of the complaint ... does not revive the right to interpose defenses or objections which might have been made to the original complaint." 2A *Moore's Federal Practice* § 12.22. As the Fourth Circuit observed in *Rowley v. McMillan*, 502 F.2d 1326 (4th Cir.1974), "[commentators] conclude, and we agree that an amendment to the pleadings permits the responding pleader to assert only such of those defenses which may be presented in a motion under Rule 12 as were not available at the time of his response to the pleading. An unasserted defense available at the time of response to an initial pleading may not be asserted when the initial pleading is amended." *See also Church of Scientology v. Linberg*, 529 F.Supp. 945 (C.D.Ca.1981) (fact that plaintiff filed "a very different amended complaint" does not revive defendants' right to raise Rule 12 waivable defenses if the grounds for objection were "available" at the time the previous motion was filed).

Defendants assert that they have not waived their venue defense with regard to persons who were not parties to this action when they filed their responsive pleading, even though they "unquestionably" waived the venue defense as to plaintiff Brouse. Supplemental Memorandum in Support of Defendants' Opposition to Plaintiffs' First Motion to Add Plaintiffs ("Defendants' Opposition") at 9. In light of the Supreme Court's statements in *Neirbo* and *Leroy*, the language of Rule 12, and the Fourth Circuit's holding in *Rowley*, this Court cannot agree. From the face of the complaint, it is clear that Brouse does not reside in Maryland and that, therefore, a venue defense was available to defendants. Moreover, the complaint specifically indicated that, at least for declaratory judgment purposes, the action was brought on behalf of the named plaintiffs and "other employees of the defendant United States of America who are similarly situated." The broad scope of this action did not go unnoticed by

defendants for in their answer they indicated that an action on behalf of individuals other than the named plaintiffs might be inappropriate. Defendants' Answer at 2. Under such circumstances, this Court finds that the venue defense was available to defendants and that they were on notice that plaintiffs other than those named, for whom venue might be improper, might exist. Therefore, when the defense was not included in the answer, it was waived. *Cf. Stewart Warner v. Westinghouse Electric Corp.*, 325 F.2d 822 (2nd Cir.1963), the court found that plaintiff had waived the venue defense as to a defendant intervenor when it brought suit in a district where it would have had such a defense originally and when the intervenor's claims were so interrelated with the plaintiff's that no real prejudice could result to the plaintiff from the denial of his venue objection.

■ Defendants also argue that the Tucker Act's provisions for concurrent jurisdiction in District Courts and the Court of Claims militates against a finding of waiver because it would permit plaintiffs to bring in this Court the very type of action Congress intended to be brought only in the U.S. Claims Court. Defendants argue that "[T]he United States District Court for the District of Maryland should not be converted into some sort of pseudo-U.S. Claims Court simply because defendants determined to permit one non Marylander to bring his individual claims here because it was convenient for them to permit him to do so." Defendants' Opposition at 8. Defendants cite no authority for this proposition. In fact, under the Tucker Act, this Court has jurisdiction over contract claims against the United States not exceeding $10,000, and "sits in effect as another Court of claims." 14 *Federal Practice and Procedure, supra,* at § 3657 (1983 Supp.). Since the additional plaintiffs in this case each assert claims amounting to less than $10,000, this Court does not find that maintenance of the action in this District violates Congressional intent under the Act. The Court will simply act as another Court of Claims.

■ Finally, defendants argue that addition of plaintiffs is improper both because it is an attempt to avoid venue problems, and because it is inappropriate under Rule 21. Defendants cite *Parker-Hannifin Corp. v. Samuel Moore and Co.*, 436 F.Supp. 498 (D.Ohio 1977) and *Gilbert v. General Electric Co.*, 347 F.Supp. 1058 (E.D.Ca.1972), for the proposition that venue is an available defense when joinder is sought to avoid venue problems. These cases concern intervention and joinder of local plaintiffs in order to render venue appropriate in the district court. In contrast, this case concerns the joinder of local plaintiffs as to whom venue would otherwise be inappropriate; their joinder is not sought to avoid transfer. Therefore, the concerns with regard to forum shopping expressed by the *Parker-Hannifin* and *Gilbert* courts would appear inapposite.

■ This Court also rejects defendants' argument that joinder is inappropriate under Rule 21. The grant or denial of a motion to add a party lies within the discretion of the trial court. 7 *Federal Practice and Procedure, supra,* § 1688. According to 3A Moore's *Federal Practice* ¶ 21.04[1], one test for the Court's discretion in granting joinder under Rule 21 is whether it will prejudice the non-moving party, and whether it will serve to avoid multiplicity of suits. This Court finds both criteria are met in this case. Defendants claim that they will have to conduct discovery all over the United States if other plaintiffs are allowed to join. However, in light of the complaint's allegations, this Court doubts that joinder will impose a significant discovery burden on the defendants. All of the plaintiffs are federal firefighters asserting entitlement to a monetary measure of paid leave on the basis of federal statutes. Their claims differ only with regard to the amount of damages to which they may be entitled. They do not differ as to the legal basis for such entitlement. Indeed, defendants concede that "the Rule 20 permissive joinder requirements would have been met had these parties been joined initially." Defendants' Opposition at 10.

Under such circumstances, the Court concludes that defendants, the employer of

all the plaintiffs, will not be unduly preju-
diced by the addition of similarly situated
plaintiffs, and that addition of the plaintiffs
will certainly avoid a multiplicity of suits.
*See Adams v. Bell Aircraft Corp.*, 7
F.R.D. 48 (W.D.N.Y.1947) (addition to sev-
eral hundred plaintiffs pursuant to Rule 21
allowed in FSLA cases). *Cf. Abramovitch
v. United States*, 174 F.Supp. 587 (S.D.N.Y.
1958) (court ruled that plaintiff could move
to amend the complaint to assert a claim
against the United States directly when the
United States was already a third-party
defendant despite the U.S. government's
assertion of a venue defense while noting
that the United States would not be faced
with additional proof if the amendment is
allowed and would be put to no great incon-
venience in defending the third-party ac-
tion). Nor is the Court dissuaded from this
conclusion by the fact that plaintiff ob-
tained consents from some of the proposed
additional plaintiffs prior to defendants' an-
swer.