509 So.2d 1314 (1987)
Kaydette HAWKINS, Appellant,
v.
WASHINGTON SHORES SAVINGS BANK, et al., Appellees.
No. 86-378.
District Court of Appeal of Florida, Fifth District.
July 16, 1987.
Kirk N. Kirkconnell and Michael J. Snure, of Muller, Kirkconnell and Lindsey, P.A., Winter Park, for appellant.
Frederick J. Ward and Paul D. Newman of Giles, Hedrick & Robinson, P.A., Orlando, for appellees.
DANIEL, C.W., Associate Judge.
This case involves an appeal from an order dismissing with prejudice the appellant, Kaydette Hawkins', third amended complaint against the appellee, Washington Shores Savings Bank. Plaintiff Hawkins in her third amended complaint filed against Washington Shores Savings Bank, the directors of the bank and Charles Hawkins, alleged that she had opened and maintained a savings share account at Washington Shores in Orlando, Florida, by depositing approximately $10,000 into the account. She alleged further that although the account was opened in the fictitious name of Willie Jacobs, numerous deposits were made and credited to the account as evidenced by entries on her passbook. Further, on July 7, 1981, Hawkins attempted to withdraw the sums deposited in the account along with the accrued interest only to discover that there was no money in the account. Hawkins' six-count complaint alleged a cause of action in breach of contract, conversion, fraud, negligent hiring and retention and two causes of action in negligence. Attached to the complaint as exhibits were the relevant passbook entries from both the actual passbook and the spurious one allegedly provided Kaydette Hawkins by defendant, Charles Hawkins,
Washington Shores filed a motion to dismiss Hawkins' third amended complaint alleging that it had been improperly joined *1315 as a party defendant. The bank also moved to dismiss the count in negligent hiring and retention on the basis that Hawkins' complaint failed to contain any allegations of ultimate facts which gave rise to such a duty on the bank's part to hire, retain, terminate or supervise the defendant, Charles Hawkins. Washington Shores alleged further that the statute of limitations had run with regard to the transactions reflected within the complaint. The bank alleged finally that Hawkins had failed to join indispensable parties on the basis that Hawkins had failed to demonstrate that the named directors were all of the directors in existence during and through the relevant time periods.
The trial court entered an order dismissing Hawkins' third amended complaint with prejudice as to Washington Shores. The trial court's order was based on a finding that Hawkins had failed to allege respondeat superior as to the causes of action in breach of contract, negligence and negligent hiring and retention. The court also found that the statute of limitations had run with regard to the transactions reflected in Hawkins' attached exhibits evidencing the relevant passbook entries. With regard to this latter finding, the trial court stated:
... [i]f an attached document negates the pleader's cause of action or defense the plain language of the document will control and may be a basis for a Motion to Dismiss. Health Application System, Inc. v. Hartford Life and Accident Insurance Co., 381 So.2d 294 (Fla. 1st DCA 1980). See also Sachse v. Tampa Music Co., 262 So.2d 17 (Fla. 2nd DCA 1972) and Padgett v. First Federal Savings and Loan Association of Santa Rosa County, 378 So.2d 58 (Fla. 1st DCA 1979) (any inconsistency between general allegations of material facts in Complaint, and specific facts revealed by the Exhibit attached to it has the effect of neutralizing each allegation and rendering the pleading objectionable). Although the Court is aware that the Statute of Limitations is described as an Affirmative Defense under Fla.R.Civ.P. 1.110(d), under Timmons v. Firestone, 283 So.2d 63 (Fla. 4th DCA 1973), an Affirmative Defense appearing on the face of a prior pleading may be asserted as grounds for a motion to dismiss for failure to state a cause of action. In Timmons, the Affirmative Defense of the Statute of Limitations appeared on the face of the Amended Complaint and the 2nd Amended Complaint, and thus, the Court correctly terminated that litigation favorably to the Defendants by a Dismissal with Prejudice. 283 So.2d 63, 65. See also Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976) at 37. That law controls here.
We find that Hawkins' third amended complaint stated a cause of action. Additionally, a review of the allegations contained in the complaint along with the attached exhibits reflecting the relevant passbook entries indicates that the trial court misapplied the statute of limitations. Although the facts indicate that Hawkins opened her account on April 1, 1963, she has alleged that she did not discover that her money was missing until July 7, 1981. Hawkins subsequently filed suit on December 14, 1984.
Hawkins' allegations that she did not discover the alleged negligence or breach of contract until July 7, 1981, must be considered as true when considering the motions to dismiss. Von Engineering Company v. R.W. Roberts Construction Company, 457 So.2d 1080 (Fla. 5th DCA 1984). Thus, her suit was filed well within the pertinent statute of limitations, if time ran from that date. The issue before the court is whether as a matter of law the statute of limitations began to run at an earlier time.
The causes of action at issue here fall within the general rule that the statute of limitations runs from when the cause of action accrued. § 95.031, Fla. Stat. (1985). The well established discovery rule recognizes the fundamental principle that the accrual of a cause of action, regardless of *1316 its underlying nature, coincides with the injured party's discovery or duty to discover the invasion of his legal rights. Lund v. Cook, 354 So.2d 940 (Fla. 1st DCA 1978); Creviston v. General Motors Corporation, 225 So.2d 331 (Fla. 1969). It is not apparent from the face of the third amended complaint or the attached exhibits that the action should have been discovered with the exercise of due care at an earlier time. Resolution of the issue is thus for the jury who should be permitted to determine when the cause of action accrued. Toledo Park Homes v. Grant, 447 So.2d 343 (Fla. 4th DCA 1984).
REVERSED.
COBB and COWART, JJ., concur.