689 So.2d 1305 (1997)
Joseph ELEGELE, Appellant,
v.
HARLEY HOTELS, INC., et al., Appellee.
No. 96-2155.
District Court of Appeal of Florida, Fifth District.
March 27, 1997.
*1306 Joseph Elegele, Orlando, pro se.
Nicholas A. Shannin of McDonough, O'Dell, Beers, Wieland, Williams & Krakar, Orlando, for Appellees.
HARRIS, Judge.
After Harley Hotels, Inc. (Harley) received an anonymous telephone call advising it of Joseph Elegele's drug use, drug dealing and drug conviction, he was terminated for reasons relating to drugs as well as for poor job performance. Elegele sued Harley and certain of its employees in federal court alleging that Harley had terminated him because he was black and, in addition, that Harley's employees had defamed him between September 6, 1990 and December 14, 1990. The civil rights action was dismissed outright and the defamation action was dismissed without prejudice to pursue it in state court.
On September 3, 1993, while his appeal of the federal court's dismissal of the civil rights action was pending, Elegele filed this action originally sounding only in defamation. Appellees filed a Motion to Dismiss (which did not raise the statute of limitations claim) and Motion to Abate based on the federal appeal. The court granted the abatement. After the federal ruling dismissing the civil rights action was upheld on appeal; Elegele was permitted to amend his complaint. His amended complaint contains his original six counts sounding in defamation together with one count of malicious infliction of emotional distress and two counts of negligence. Harley (and the individual employee defendants) moved to dismiss because the allegations on the face of the complaint revealed a violation of the statute of limitations as it related to the defamation counts. In addition, appellees urged that the new counts were merely defamation claims in disguise. The trial court dismissed the amended complaint in its entirety based on a violation of the statute of limitations.
Elegele raises several issues on appeal. First, he contends that the affirmative defense of statute of limitations may not be *1307 raised in a motion. The cases he cited for this principle all predate the amendment of rule 1.110(d), Fla. R. Civ. P. which now provides that affirmative defenses appearing on the face of a prior pleading may be asserted by motion. See Toledo Park Homes v. Grant, 447 So.2d 343 (Fla. 4th DCA 1984). We hold that the statute of limitations was properly raised in this case by motion.
Elegele next urges that by not raising the statute of limitations defense in their initial motion, appellees waived the defense and cannot assert it as against the amended complaint. He cites no cases to support this position. Once the plaintiff has filed an amended complaint, the defendant is entitled to respond to it anew. We see nothing to prevent the defendant from raising new motions or new defenses that were not raised as against the prior, now superseded, complaint. We find no waiver.
Finally, Elegele argues that even if his action for defamation was time-barred, his "new" causes of action are not. But insofar as the statute of limitations is concerned, we see no difference if the plaintiff alleges intentional defamation (clearly barred) or defamation caused by "actionable negligence" or by "negligent supervision."[1] His core cause of action remains an action for liable or slander and must be brought within two years.
AFFIRMED.
DAUKSCH and THOMPSON, JJ., concur.
NOTES
[1] In Greene v. Health and Hospitals Corporation, 1995 WL 661111, *5 (N.Y.Sup.Ct., March 23, 1995), the court held:

Plaintiffs' twelfth and thirteenth causes of action are for negligent supervision premised in the defamation claim, essentially seeking to root liability in allowing defamatory material to be published. Whereas a claim for defamation has not been properly stated, this claim must be dismissed.
We believe this same reasoning holds true if a claim for defamation cannot be stated because of the statute of limitations.