ERVIN, J.
Appellant, the Department of Transportation (DOT), appeals an interlocutory order transferring venue of its third-party complaint against appellees, Escambia County Utilities Authority (ECUA), the City of Pensacola, and BellSouth, from Leon to Escam-bia County, based upon ECUA and the City’s home-venue privileges.[1] DOT contends that ECUA waived its opportunity to assert this privilege, that the City waived the privilege in its charter, and that the trial court abused its discretion in transferring venue. We conclude that the lower court properly transferred the case as to the City, but erred in granting ECUA’s motion to transfer venue, and we remand for reconsideration of the issue as it pertains to ECUA.
After appellee, Gulf Atlantic Constructors (GAC), sued DOT alleging breach of contract, DOT filed a third-party complaint im-pleading ECUA, the City and BellSouth, alleging that they were responsible for any damages incurred by GAC. ECUA answered, raising four affirmative defenses, none of them involving improper venue. The City thereafter filed a motion to dismiss, challenging subject-matter jurisdiction and venue. The court granted the City’s motion with leave to amend and withheld ruling on venue pending briefing by any interested third-party defendant.
DOT amended its third-party complaint against the City. ECUA and the City thereafter sought to change venue to their home county. The trial court issued an order transferring venue to Escambia County, based upon the City and ECUA’s home-venue privileges. The court erred, insofar as its order pertained to ECUA.
The home-venue privilege can be waived by statute expressly authorizing a municipality to be sued elsewhere. DOT contends that a provision in the City’s statutory charter, authorizing the City to be im-pleaded in all the courts of this state, constitutes waiver. The Second District rejected this precise argument in a ease involving an identical provision in St. Petersburg’s charter. See City of St. Petersburg v. Earle, 109 So.2d 388 (Fla. 2d DCA 1959). We agree with the reasons stated in Earle and affirm.
DOT correctly asserts, however, that ECUA waived its home-venue privilege by failing to raise it in its answer to DOT’S initial third-party complaint. Failure to raise improper venue prior to or contemporaneous with a party’s answer constitutes waiver. Fla.R.Civ.P. 1.140(h)(1); MacDonald v. MacDonald, 444 So.2d 531 (Fla. 1st DCA 1984). Once a pleading is amended and retains portions of the original pleading, a party may not thereafter raise defenses to the original portions of the pleading that it failed to timely assert against it. Id.; County of Volusia v. Atlantic Int’l Inv. Corp., 394 So.2d 477 (Fla. 1st DCA 1981); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1388, at 736 (2d ed. 1990) (“The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in a timely fashion prior to amendment^]”).[2]
*307 Only the City asserted improper venue against DOT’S initial third-party complaint, and the court’s order granting the City’s motion pertained only to DOT’s allegations against the City. When DOT amended its complaint, it did so only as to Count III, which was directed against the City; it did not change any part of Count I, which applied solely to ECUA. The trial court thus erred in granting ECUA’s untimely motion to transfer venue.
In support of its position, ECUA relies upon Elegele v. Harley Hotels, Inc., 689 So.2d 1305 (Fla. 5th DCA 1997). Without deciding whether Elegele was correctly decided, we note that it is distinguishable. Unlike the defense of improper venue, the limitations defense in Elegele is not one of the defenses listed in Florida Rule of Civil Procedure 1.140(b), which must be raised by motion no later than the answer; otherwise such defense is waived pursuant to rule 1.140(h)(1).
Athough the trial court erred in granting ECUA’s motion to change venue to Escambia County, the court properly granted the City’s request to do so. When the state or its subdivision exercises its home-venue privilege, the trial court retains the discretion to transfer the other defendants as well, based upon considerations such as convenience and efficiency. Greer v. Mathews, 409 So.2d 1105 (Fla. 1st DCA 1982). On remand, the trial court still has the discretion to transfer the ECUA case.
AFFIRMED IN PART, REVERSED IN PART and REMANDED for further consistent proceedings.
BARFIELD, C.J., and JOANOS, J., concur.

. Under the common-law home-venue privilege, the state, its agencies and subdivisions have the right to be sued in the county where each is headquartered. Board of County Comm'rs of Madison County v. Grice, 438 So.2d 392 (Fla.1983).

. See also Allied Metal Co. v. Edgerton Metal Prods., Inc., 908 F.Supp. 576 (N.D.Ill.1995); Lanehart v. Devine, 102 F.R.D. 592 (D.Md.1984).