IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ERIN GREEN,

      Appellant,

 v.

Case No. 5D16-3907

WAYNE IVEY, IN HIS OFFICIAL
CAPACITY AS SHERIFF OF BREVARD
COUNTY, FLORIDA,

      Appellee.

_____/

Opinion filed March 31, 2017

Non-Final Appeal from the Circuit Court
for Seminole County,
Jessica J. Recksiedler, Judge.

Patricia R. Sigman, of Sigman & Sigman,
P.A., Altamonte Springs, for Appellant.

Mark E. Levitt and Marc A. Sugerman,
of Allen, Norton & Blue, P.A., Winter Park,
for Appellee.


LAMBERT, J.

      Appellant, Erin Green, the plaintiff below, appeals the trial court's nonfinal order

granting the motion filed by Appellee, Wayne Ivey, in his capacity as the Sheriff of Brevard

County, to transfer venue of the underlying action from Seminole County to Brevard

County.[1]  Because Appellee waived his venue objection by not timely asserting it, we reverse.

Appellant filed her complaint in Seminole County against Appellee, seeking damages pursuant to Florida's "Whistle-Blower Act."[2]  Appellee answered the complaint but did not contest venue.  Seven weeks later, Appellee filed an unsworn motion to transfer venue to Brevard County, asserting that venue in Seminole County is inappropriate because Appellant's cause of action accrued in Brevard County, that Appellant and most, if not all, of the witnesses are located there, and that pursuant to the "home venue privilege," Appellee, as the Sheriff of Brevard County, is entitled to have the instant suit litigated in Brevard County where he maintains his headquarters.[3]  Appellant responded that by failing to raise the defense of improper venue in his answer or by a pre-answer motion, Appellee waived his objections to venue.  Following a hearing at which no evidence was presented, the trial court transferred venue "[b]ecause [the] parties are located in Brevard County, Florida, [and Appellee] is a government agency with all headquarters, including [the] main headquarters, in Brevard County."

Other than actions against nonresidents, "[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located."  § 47.011, Fla. Stat. (2015).  To contest an alleged

---

[1] This court has jurisdiction.  *See* Fla. R. App. P. 9.130(a)(3)(A).

[2] §§ 112.3187–.31895, Fla. Stat. (2015).

[3] "The home venue privilege provides that, absent waiver or exception, venue in a suit against the State, or an agency or subdivision of the State, is proper only in the county in which the State, or the agency or subdivision of the State, maintains its principal headquarters." *Fla. Dep't of Child. & Fams. v. Sun-Sentinel, Inc.*, 865 So. 2d 1278, 1286 (Fla. 2004) (citations omitted).

improper choice of venue, Florida Rule of Civil Procedure 1.140(b) requires that a party object to venue either in its first responsive pleading or in a motion filed before the first responsive pleading. Moreover, both subdivisions (b) and (h) of rule 1.140 provide that the failure to raise improper venue in either the answer or the pre-answer motion constitutes a waiver of the defense.

Here, Appellee, by failing to object to venue in his answer or pre-answer motion, waived his objection. *See Tip Top Enters., Inc. v. Summit Consulting, Inc.*, 905 So. 2d 201, 201-02 (Fla. 3d DCA 2005) (reversing order granting appellee's motion to change venue, reasoning that appellee waived its venue objection "by failing to affirmatively plead it in either the answer or in a pre-answer motion"). Additionally, an agency waives the home venue privilege by failing to object to an improper venue. *State, Dep't of Transp. v. Gulf-Atl. Constructors, Inc.*, 727 So. 2d 305, 306 (Fla. 1st DCA 1999) ("Failure to raise improper venue," including improper venue based on the home venue privilege, "prior to or contemporaneous with a party's answer constitutes waiver." (citing Fla. R. Civ. P. 1.140(h)(1) (additional citation omitted))).

Finally, any argument by Appellee that the order on appeal should be affirmed under the doctrine of *forum non conveniens*[4] based on his allegation that Appellant and the witnesses are located in Brevard County is presently without merit as Appellee provided no evidence to support this basis for a transfer. *See Resor v. Welling*, 44 So. 3d 656, 657 (Fla. 5th DCA 2010) (reversing order transferring venue based on *forum non conveniens* because Appellant did not file affidavits or evidence to meet his "burden of

---

[4] *See* § 47.122, Fla. Stat. (2015) ("For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.").

showing substantial inconvenience or undue expense to establish a basis for the transfer" (citing *Vero v. Vero*, 659 So. 2d 1348, 1349 (Fla. 5th DCA 1995))).

Accordingly, we reverse the order transferring venue to Brevard County and remand with directions that the trial court enter an order transferring venue back to Seminole County.

REVERSED and REMANDED, with directions.

BERGER and EDWARDS, JJ., concur.