DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HYPOLUXO MARINER'S CAY CONDOMINIUM ASSOCIATION, INC.,**
Appellant,

v.

**UNDERWRITER'S AT LLOYD'S LONDON, NATIONAL FIRE & MARINE INSURANCE COMPANY,** and **QBE SPECIALTY INSURANCE COMPANY,**
Appellees.

No. 4D2024-2250

[April 1, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James Edward Nutt, Judge; L.T. Case No. 502023CA015867XXXAMB.

Erin Newell of Open Book Appeals, Fort Lauderdale, for appellant.

Mihaela Cabulea and Jason Michael Seitz of Butler Weihmuller Katz Craig LLP, Tampa, for appellee Underwriters at Lloyd's London.

No appearance for appellee National Fire & Marine Insurance Company.

No appearance for appellee QBE Insurance Company.

SHEPHERD, J.

Hypoluxo Mariner's Cay Condominium Association (the "Association") appeals an order granting appellee Underwriter's at Lloyd's London's ("Underwriters") motion to dismiss for failure to comply with the applicable statute of limitations. The Association raises two issues on appeal. For the reasons explained below, we reverse and remand for further proceedings.

**Background**

The Association entered into an insurance contract with Underwriters providing insurance for property within the Association's community. Hurricane Irma damaged the roof and exterior of a building on the property on September 10, 2017. The Association reported the loss and submitted

a sworn proof of loss within three years, in compliance with Florida Statutes section 627.70132.

Although Underwriters acknowledged the claim and assigned a claim number on September 1, 2020, Underwriters did not make a coverage determination within ninety days as required by section 627.70131(5)(a), Florida Statutes (2020). A coverage determination is a condition precedent to filing suit. *See* § 627.70152(3)(a), Fla. Stat. (2022).

On October 18, 2022, approximately one month after the five-year statute of limitations expired, Underwriters denied coverage. Underwriters asserted that the Association had failed to comply with post-loss obligations and stated that, even if coverage existed, the amount of damage attributable to Hurricane Irma fell below the policy's deductible.

Three days later, on October 21, 2022, the Association filed suit against Underwriters for breach of the insurance policy. The complaint alleged that Underwriters failed to pay for the hurricane damage, but did not allege facts supporting any equitable basis to avoid the five-year statute of limitations. Underwriters moved to dismiss on that ground, arguing the claim was barred by section 95.11(2)(e), Florida Statutes (2022). The trial court dismissed the complaint without prejudice.

The Association filed an amended complaint on November 16, 2023. Unlike the initial pleading, the amended complaint alleged that Underwriters intentionally delayed making a coverage determination in order to prevent or postpone the Association's ability to file suit within the limitations period. Specifically, the Association alleged that although Underwriters acknowledged the claim, they failed to render a coverage determination within ninety days as required by section 627.70131(5)(a).[1] The Association further alleged that Underwriters refused to determine coverage unless they first examined the Association's engineer—a requirement not contained in the policy—and that these delays prevented the Association from filing suit sooner.

---

[1] On appeal, the Association instead cites section 627.70131(7)(a), Florida Statutes (2024). The earlier-cited statute, section 627.70131(5)(a), was amended in 2023 to reflect a 60-day window for a coverage determination—now enumerated in subsection (7)(a). Because the applicable date for this statute is the year in which the claim for coverage was filed, the 2020 version of section 627.70131(5)(a) applies. *See Expert Inspections, LLC v. United Prop. & Cas. Ins. Co.*, 333 So. 3d 200 (Fla. 4th DCA 2022) (citing the version of section 627.70131(7)(a) in effect at the time the insurance claim was filed).

Underwriters subsequently renewed its motion to dismiss on statute-of-limitations grounds. The Association opposed dismissal, arguing that Underwriters' investigative delays and failure to comply with statutory deadlines supported an equitable estoppel defense, thereby precluding dismissal at the pleading stage. The trial court granted Underwriters' motion and dismissed the amended complaint with prejudice.

The Association moved for rehearing, asserting that the amended complaint alleged facts sufficient to defeat the statute-of-limitations defense. In response, Underwriters raised a new argument: that section 95.11(2)(e), Florida Statutes, operates as a statute of repose not subject to equitable doctrines. The trial court denied rehearing without explanation.

**Discussion**

We review de novo an order granting a motion to dismiss with prejudice. *Preudhomme v. Bailey*, 211 So. 3d 127, 130 (Fla. 4th DCA 2017).

On appeal, the Association argues that the trial court erred in dismissing the amended complaint for failure to comply with the statute of limitations, because the complaint alleged facts supporting an equitable avoidance of the limitations period. We agree.

Section 95.11(2)(e), Florida Statutes (2022), requires that an action for breach of a property insurance contract be brought within five years of the date of loss. Although a statute-of-limitations defense may be raised in a motion to dismiss, it is appropriate only where its violation appears on the face of the complaint or its exhibits. *Beachway Rests. 2 v. Santo & June, Inc.*, 386 So. 3d 961, 963 (Fla. 4th DCA 2024); *accord Toledo Park Homes v. Grant*, 447 So. 2d 343, 344 (Fla. 4th DCA 1984) (explaining that, generally, the statute of limitations is an affirmative defense that must be raised in an answer). Even then, dismissal is improper if the complaint suggests the possibility that the plaintiff could allege facts in avoidance of the limitations defense. *Wishnatzki v. Coffman Const., Inc.*, 884 So. 2d 282, 285 (Fla. 2d DCA 2004).

Here, the Association's amended complaint alleged facts that, if proven, could support an equitable defense, avoiding the statute of limitations. The Association alleged that: (1) it timely reported the Hurricane Irma loss and submitted a sworn proof of loss; (2) Underwriters failed to make a timely coverage determination; and (3) Underwriters repeatedly required additional examinations and investigative steps not required under the policy before issuing a coverage decision. According to the complaint, those delays prevented the Association from initiating litigation before the

3

limitations period expired because a coverage determination was required before suit could be filed.

At the motion-to-dismiss stage, the trial court was not required to determine whether an equitable defense ultimately applied. The trial court was required only to determine whether the complaint alleged facts suggesting the possibility that the Association could plead facts in avoidance of the limitations defense. *See Wishnatzki*, 884 So. 2d at 285. The amended complaint satisfied that threshold.

Underwriters' contrary arguments—that the Association caused the delays and failed to comply with post-loss obligations—are affirmative defenses that cannot be resolved at the pleading stage. *See Toledo Park Homes*, 447 So. 2d at 344.

Because the amended complaint alleged ultimate facts suggesting the possibility that the Association could plead facts in avoidance of the statute of limitations, dismissal on that ground was improper. That conclusion, however, does not end our analysis.

In response to the Association's motion for rehearing, Underwriters advanced an alternative argument: that section 95.11(2)(e), Florida Statutes, operates as a statute of repose not subject to equitable doctrines. Although Underwriters urges us to affirm on that basis, the trial court did not address that argument expressly, instead it denied rehearing without explanation.

The tipsy coachman doctrine permits an appellate court to affirm a trial court's decision if it is correct for any reason supported by the record, even if the trial court relied on the wrong reasoning. *See State v. S.V.*, 958 So. 2d 609, 612 n.3 (Fla. 4th DCA 2007). This court, however, has declined to apply the doctrine where the trial court has not ruled on the alternative basis and the issue should be addressed in the first instance. *See One Call Prop. Servs., Inc. v. Sec. First Ins. Co.*, 165 So. 3d 749, 755–56 (Fla. 4th DCA 2015) (declining to apply the tipsy coachman doctrine, reversing, and remanding for the trial court to address the alternative arguments in the first instance); *Stark v. State Farm Fla. Ins. Co.*, 95 So. 3d 285, 289 n.4 (Fla. 4th DCA 2012) (declining to apply the tipsy coachman doctrine and emphasizing that appellate courts should not ordinarily decide issues not ruled on by the trial court in the first instance).

Here, whether section 95.11(2)(e), operates as a statute of repose—and, if so, whether it bars the Association's claims notwithstanding any equitable allegations—presents a separate and potentially dispositive

issue that was not addressed below.  Under these circumstances, we decline to apply the tipsy coachman doctrine and instead remand for the trial court to consider that argument in the first instance.  *See One Call*, 165 So. 3d at 755–56.

Accordingly, we reverse the order of dismissal and remand for further proceedings consistent with this opinion.

*Reversed and remanded for further proceedings consistent with this opinion.*

FORST and KLINGENSMITH, JJ., concur.

\*        \*        \*

***Not final until disposition of timely-filed motion for rehearing.***

5