ALLEN, Judge.
Appellant, defendant in equity proceedings below, brings interlocutory appeal from an order disposing of certain of its motions to strike appellees’ amended complaint and amendments to the amended complaint. Appellees Stimson are plaintiffs and appellee Federal Savings & Loan Association is a defendant below. Abstracting the significant factors from the morass of pleadings, amendments to pleadings and motions presented below, the following circumstances provide the context of the appeal.
On May 21, 1962, appellees filed a complaint (consisting of one claim embodied in 48 numbered paragraphs, 9 prayers for relief and 2 alternative prayers.) Appellant’s motion to dismiss this complaint on the ground, inter alia, of failure to state a cause of action, was filed on June 13th, and was denied on July 19, 1962. Thereafter appellant filed an answer.
The apparent conclusion of pleading effected by the answer was premature and, on October 1, 1962, appellees moved to amend their complaint by adding a 10th prayer for relief. On November 15, 1962, appellees moved to further amend by adding a second claim (embodying 54 paragraphs, 13 prayers for relief and 2 alternative prayers). Both of these motions were granted on December 26, 1962, and appellant was given 20 days to plead to the complaint as amended.
On January 15, 1963, appellant filed, inter alia, a “motion to strike” various portions of the amended complaint on the grounds of failure to state a cause of action, irrelevancy, immateriality, vagueness, impertinence and inconsistency with the applicable rules of pleading. This latter motion was directed both to the second claim embodied in the amendment of November 15th and to portions of the original complaint now embodied in the amended complaint. After hearing on this motion, the court, in an order of February 11, 1963, indicated that it considered the second claim unfounded, but allowed appellees 20 days to plead further. This order did not mention those portions of appellant’s “motion to strike” directed to the first claim of the complaint as amended. (At this point the amended complaint consisted of the “first claim”; embodied in 48 paragraphs, 10 prayers for relief and 2 alternative prayers, and the dubious “second claim” embodied in 54 paragraphs, 12 prayers and 2 alternative prayers.)
On February 19th appellees filed amendments to the “first claim,” adding paragraphs 55-58 and prayers numbered 13-16. (Inasmuch as these purportedly amended the first claim, they should have been numbered 49-52 and 11-14 respectively.) No amendments to the dubious “second claim” were filed.
*115 Appellant, on March 11th, moved to strike all of these most recent amendments. At a hearing1 on May 8, 1963, the appellant apparently contended that both this last motion, directed to the recent mis-numbered amendments, and the January 15th motion, directed to the earlier amended complaint, required disposition. The lower court, however, disagreed and, on May 20th, entered an order which struck the second claim, denied the motion to strike the most recent amendments and held that the “motion to strike,” which had been filed on January 15th, was not preserved in that it had not been renewed after the amendments of March 11, 1963. Appellant brought appeal from this latter ruling.
The appellant argues that since the motion of January 15, 1963, was directed to portions of the amended complaint which were unaffected by the March 19th amendments, it was not necessary to renew the motion after these amendments. Appellee argues that not only was it necessary to renew the motion after amendments were made, but that even had it been renewed it would have been beyond consideration since it was directed, insofar as it is here significant, to portions of the amended complaint which had existed in the original complaint and had been attacked in the unsuccessful motion to dismiss of June 13, 1962.
Accordingly, two questions are apparently presented; whether portions of an original complaint unsuccessfully attacked prior to amendment can be attacked after amendment on grounds available or urged on the first attack, and whether unadjudi-cated portions of a defensive motion need be renewed after amendments which do not substantially affect the portions of the complaint subject to the unadjudicated motion.
Considering the first of these questions, it is apparent that the motion to strike filed on January 15, 1963, insofar as directed to the “first claim,” raised defenses and objections which were available on June 13, 1962, when appellant • first moved to dismiss the complaint. Having failed to include all objections available at that time, defendant waived the right to later raise them. Rule 1.11(a), Florida Rules of Civil Procedure, 30 F.S.A. A motion directed to an amended pleading cannot raise objections to retained portions of an original pleading when such objections were available and not urged or unsuccessfully urged on motion to the original pleading. See Keefe v. Derounian, 6 F.R.D. 11, (D.C.N.D.Ill.1946); 2 Moore’s Federal Practice, para. 12.22 at 2324 (2d ed. 1962).
In the Keefe case, the court discussed the Federal rule analogous to Florida Rule 1.11(a) and the right to object by motion to an amended complaint:
“Clearly, of course, if the amendment to the complaint contains new matter which, had it originally been in the complaint, would have allowed the defendant to object by motion, the defendant’s right to object by motion to the complaint as amended cannot have been waived by any prior motion. In the present case, however, the amendment merely corrected an insufficient allegation of diversity jurisdiction. It does not revive the defendant’s right to challenge the sufficiency of the complaint, which motion made to the original complaint had already been denied, and should likewise not revive his right to object to the service of process, which is an objection that existed at the beginning of the case and should have been raised then. * * * ”
The apparent departure from this interpretation in Sidebotham v. Robison, 216 F.2d 816 (9th Cir. 1954), is, in fact, no departure. It involves an entirely different problem and merely represents an application of the principle of testing a post-amendment motion in terms of the availability of the objections at the time of a pre-amendment motion.
*116 Having determined that the January 15th motion was improper and insufficient when filed, it is unnecessary to consider whether, had it been proper, it would have been a pleading and needed to have been renewed after amendment. See Scarfone v. Denby, Fla.App.1963, 156 So.2d 694. Cf. Bernstein v. N. V. Nederlandsche-Amerikaansche Stoomvaart-Maatschappij, 76 F.Supp. 335 (D.C.S.D.N.Y., 1948), and Stork v. Townsend, 1 F.R.D. 597 (D.C.W.D.Ohio 1940) aff'd 132 F.2d 859 (6th Cir. 1941).
In view of the correctness of the result in the lower court, irrespective of the stated reason therefor, the order is affirmed.
Affirmed.
SMITH, C.J., and SHANNON, J., concur.