394 So.2d 477 (1981)
COUNTY OF VOLUSIA, Appellant,
v.
ATLANTIC INTERNATIONAL INVESTMENT CORP. et al., Appellees.
No. UU-342.
District Court of Appeal of Florida, First District.
February 13, 1981.
Rehearing Denied March 18, 1981.
*478 Daniel D. Eckert, Deland, for appellant.
Peter J. Winders of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellees.
PER CURIAM.
Appellant, County of Volusia, appeals from an order of the trial court denying its motion to dismiss for improper venue or in the alternative to transfer venue to Volusia County. We affirm in part and reverse in part.
Atlantic International Investment Company (AIIC) filed a complaint against Volusia County and other state agencies on February 7, 1975 in an action for declaratory judgment and additional relief regarding an alleged breach of its contract with Volusia County. Thereafter, Volusia filed motions to dismiss on March 5, 1975, and April 14, 1975, to the complaint and amended complaint. These motions to dismiss did not raise the defense of improper venue. Volusia answered the complaint on February 9, 1976 and also failed to raise improper venue as a defense.
On August 3, 1979, AIIC filed an amended and supplemented complaint pursuant to court order which consolidated the above contract cause of action with another suit by AIIC against various state agencies, divisions, and subdivisions, including Volusia County. This second cause of action contended that the defendant's actions through a series of numerous independent and inconsistent acts constituted the unlawful taking of the plaintiff's property without due process or just compensation.
On October 12, 1979, Volusia filed a motion to dismiss and strike the amended and supplemented complaint alleging as one of its grounds improper venue. On February 22, 1980 the trial judge denied several of Volusia's motions including the motion to dismiss for improper venue.
Volusia appealed the denial of the motion regarding improper venue, relying on Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1977), arguing that as a state political subdivision it had the right to be sued at the principal place of its headquarters, Volusia County. Carlile, supra held that absent waiver or exception, venue in civil actions brought against the state or one of its agencies or subdivisions properly lies in the county where the state, agency, or subdivision, maintains its principle headquarters. However, in this case, Volusia County waived its venue privilege by failing to raise the defense of improper venue in its motions to dismiss the contract action on March 5, 1975 and April 14, 1975.
Under Florida Rule of Civil Procedure 1.140 the failure to raise improper venue in a motion to dismiss filed under the rules waives any right to have the cause dismissed on venue grounds. Inverness Coca-Cola Bottling Company v. McDaniel, 78 So.2d 100 (Fla. 1955) ...
Gross v. Franklin, 387 So.2d 1046 (Fla. 3d DCA 1980). See also Straske v. McGillicuddy, 388 So.2d 1334 (Fla. 2d DCA 1980).
However, Volusia argued on appeal that since the contract action was consolidated with the action for inverse condemnation, it may now raise its venue privilege to the contract action in addition to its venue privilege for the inverse condemnation action. This contention is not correct. "A motion directed to an amended pleading cannot raise objections to retained portions of an original pleading when such objections were available and not urged or unsuccessfully urged on motion to the original pleading." Beach Development Corp. v. Stimson, 159 So.2d 113 (Fla. 2d DCA 1964). Having failed to timely object to improper venue concerning the contract action, Volusia County may not now do so.
*479 Regarding the count as to inverse condemnation, Volusia has not waived its right to assert its venue privilege. Therefore, Volusia County, as a state political subdivision, is entitled to be sued in the county where it maintains its principal headquarters  Volusia County. Florida Public Service Commission v. Triple "A" Enterprises, 387 So.2d 940 (Fla. 1980); Carlile v. Game and Fresh Water Fish Commission, supra; Lake County v. Friedel, 387 So.2d 514 (Fla. 5th DCA 1980).
AIIC argues that the actions of Volusia were joint with those of the other state agencies and, therefore, this cause of action is not severable. However, the complaint alleges only that the actions of Volusia County and of the agencies taken in the aggregate amounted to a taking. There are no allegations of a concert of action generally recognized in a "joint" theory of liability. See, Standard Phosphate Co. v. Lunn, 66 Fla. 220, 63 So. 429 (1913).
We recognize that allowing Volusia to exercise its venue privilege will necessitate two trials, but as the court in State Department of Transportation v. Bromante, 365 So.2d 388 (Fla. 4th DCA 1978) stated: "This, of course, necessitates the plaintiff's maintaining two suits instead of one, which is certainly not ideal but the remedy perhaps lies with the legislature."
Since transfer, not dismissal, is the favored remedy for improper venue, Gross v. Franklin, 387 So.2d 1046 (Fla. 3d DCA 1980), we instruct the trial judge to transfer the cause for inverse condemnation against Volusia County to the circuit court for Volusia County. Accordingly, the order is affirmed in part and reversed in part. This cause is remanded for proceedings consistent with this opinion.
MILLS, C.J., and McCORD and THOMPSON, JJ., concur.