McCORD, GUYTE P., Jr. (Retired), Associate Judge.
By this appeal the wife in this dissolution of marriage action contends that the trial court improperly granted her spouse’s motion for change of venue. We agree and reverse.
The facts to this appeal are undisputed. This dissolution action was commenced on July 6, 1983, when the wife filed a petition for dissolution of marriage in the Duval County Circuit Court. Some five days later, the husband filed his answer and subsequently moved the case be set for trial. Subsequently, on July 25, the wife moved the lower court to grant her leave to amend her petition for dissolution. This motion was granted, and she then filed an amended petition which differs from the original petition in only one respect, the relief requested: the initial petition asks that the parties’ real property be equitably distributed,- while the amended petition requests that the marital home be awarded as lump sum alimony.
Several days after the trial court orally granted the motion to amend (a written order was subsequently entered), the husband for the first time moved to dismiss or transfer the cause due to improper venue. He alleged that the parties were both resi *532 dents of St. Johns County, that the cause of action accrued in St. Johns County because that is where the marriage became irretrievably broken, and that the parties own a home in St. Johns County that is part of the litigation in this cause. He also filed a counter-petition seeking partition of the parties’ real property. The trial court granted his motion, and this appeal ensued.
It has long been held that the failure to raise improper venue prior to or contemporaneously with the answer results in a waiver of that privilege. Fla.R.Civ.P. 1.140(h); Aquaco, Inc. v. Hopkin, 323 So.2d 678 (Fla. 3d DCA 1975). Here, however, the husband contends that the wife’s amended petition, in particular her request for an award of the marital home as lump sum alimony, so substantially changes the cause of action as to revive his privilege to object to venue. We cannot agree.
A motion directed to an amended pleading cannot raise objections to retained portions of an original pleading when such objections were available and not urged or unsuccessfully urged on motion to the original pleading.
Beach Development Corporation v. Stimson, 159 So.2d 113, 115 (Fla. 2d DCA 1963), cited approvingly in County of Volusia v. Atlantic International Investment Corporation, 394 So.2d 477, 478 (Fla. 1st DCA 1981). Here, the objections advanced by the husband were available to him at the time his original answer was filed, and nothing in the amended petition fundamentally alters his position, in particular his defenses, vis-a-vis his spouse. Therefore, since the cause of action remains essentially the same, i.e., an action for dissolution of marriage, we reverse the trial court’s interlocutory order and remand this cause for further proceedings consistent with this opinion.
MILLS and WENTWORTH, JJ., concur.