PER CURIAM.
The defendants below, Gregory Smith, et al., appeal from two non-final orders denying their motions to transfer venue to Pasco County based on improper venue and forum non conveniens. We reverse.
In Vance v. Minton, 444 So.2d 1162, 1164 (Fla. 3d DCA 1984), this court examined the venue statutes and concluded that the venue privilege attaches only when the action is “commenced.” In the instant case, as in all others, the cause of action commenced when the plaintiff filed her initial complaint in the Circuit Court for Dade County. Although the plaintiff subsequently filed an amended complaint, the defendants properly raised their defense of improper venue through the first responsive pleading they filed, their answer to the amended complaint. Fla.R.Civ.P. 1.140(b); Gross v. Franklin, 387 So.2d 1046, 1048 (Fla. 3d DCA 1980).
Section 47.011, Florida Statutes (1993) states that “[ajctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.” When examining the initial complaint against these standards, it is clear that venue is improper in Dade County. None of the defendants reside here, the cause of action did not accrue here, and there is no property in litigation that is located in this county. In contrast, venue is proper in Pasco County because it is where the cause of action accrued. Pearson v. Wallace Aviation, Inc., 400 So.2d 50 (Fla. 5th DCA 1981).
The order denying the defendants’ motion to transfer venue to Pasco County is reversed, and this cause is remanded to the trial court for the entry of an order transferring this cause.
Since the determination of this issue is dispositive, we do not need to address the other order appealed by the defendants.
Reversed and remanded with directions.