684 So.2d 223 (1996)
ALGERNON BLAIR CONTRACTORS, Appellant,
v.
HUGHES SUPPLY, INC., Appellee.
No. 96-144.
District Court of Appeal of Florida, Fifth District.
November 22, 1996.
Rehearing Denied December 26, 1996.
*224 R. Daniel Douglass, of Varner, Stephens, Humphries & White, Atlanta, and Edith G. Osman, of Edith G. Osman, P.A., Miami, for Appellant.
Kimberly A. Ashby, of Maguire, Voorhis & Wells, P.A., Orlando, for Appellee.
GRIFFIN, Judge.
This is an appeal of a summary final judgment entered in an action on an account stated. We reverse.
On July 3, 1995, Hughes Supply, Inc. ["Hughes"] brought suit against Algernon Blair Contractors, Inc. ["Algernon"] in Orange County, Florida. The complaint sought recovery of $48,183.62, as shown on a statement attached to the complaint, plus interest, costs and attorney's fees. The statement was addressed to Algernon in Montgomery, Alabama and stated that payments were to be mailed to Hughes in Atlanta, Georgia. The statement listed 32 invoices which Hughes had apparently submitted to Algernon for materials supplied by Hughes for the construction and/or renovation of the Doral Golf Resort and Spa in Miami, Florida. The reverse of each invoice contained the following provisions concerning venue:
FLORIDA RESIDENTS. If Buyer is a resident of or located in the State of Florida, the following terms and conditions apply:
* * * * * *
Buyer waives any overall privileges and rights which it may have under Chapter 47, Florida Statutes, relating to venue, as it now exists or may hereafter be amended or construed and under any other applicable statute. Buyer and Seller agree that any legal action brought by either to ensure payment or compliance with terms and conditions of sale, shall be brought in the appropriate court in Orange County, Florida.
GEORGIA RESIDENTS. If Buyer is a resident of or is located in the State of Georgia, the following additional terms and conditions apply:
* * * * * *
In addition to the place of venue of actions as provided for in Article VI, Section XIV, of the Constitution of Georgia, Buyer and Seller agree that any action may be brought by either party in an appropriate court in Cobb County, Georgia. Buyer and Seller consent to suit in Cobb County, Georgia and waive any objections to lack of venue.
The complaint alleged that venue was proper in Orange County based on the following:
3. At all times material Defendant was a foreign corporation located in Montgomery, Alabama but doing business in Florida.
4. Venue in Orange County, Florida is proper in this cause by reason of the Terms and Conditions and statement found on the reverse of each and every invoice rendered to Defendant which states that this legal action shall be brought in Orange County.
Algernon answered the complaint on August 21, 1995. Concerning the allegations that venue lay in Orange County, Algernon's answer stated:
3. Algernon admits that it is a Georgia corporation authorized to do business and doing business in the State of Florida, and denies the remaining allegations of paragraph 3 of the Complaint.

*225 4. Algernon denies that venue is proper in Orange County, Florida and therefore denies the allegations of paragraph 4 of the Complaint.
Hughes filed a motion for summary judgment on October 4, 1995. The motion and supporting affidavits addressed Hughes' right to recover on the account, and its right to recover attorneys fees and costs, but did not address the issue of venue.
Algernon apparently did not serve or file any affidavits in opposition to Hughes' motion until November 21, 1995, the day of the hearing on the motion. On the day of the hearing, Algernon's counsel submitted his own affidavit in which he averred:
6. The claims in this action arise out of the performance of work and supply of materials to the Doral Golf Resort & Spa construction project, located in Miami, Dade County, Florida, as established by documents attached hereto as Exhibit 2. Algernon has no office, agent or other representative in Orange County, Florida. The cause of action in this case accrued, and the property involved in this litigation, is located in Dade County, Florida.
7. Hughes served Requests for Admissions contemporaneously with its Complaint in this action, in which Hughes requested that Algernon admit that venue was proper in Orange County, Florida for this action. Algernon served its response to the Requests for Admissions contemporaneously with its Answer in this case, in which Algernon denied that venue was proper in Orange County, Florida. The issue of improper venue has been raised in this case, as confirmed by the Requests for Admission and responses, copies of which are attached hereto as Exhibit 3.
Attached to counsel's affidavit was a service of process transmittal form involving a separate case which showed that Algernon was a Georgia corporation which had a registered agent in Florida for service of process. The lower court entered a summary final judgment in favor of Hughes, stating in its order simply that "[d]efendant's objection based on improper venue and improper notice of hearing are denied."
Algernon contends that it is entitled to reversal of the summary final judgment because lack of venue was shown on the face of Hughes' complaint and Algernon's answer, although unsworn, raised material issues of fact concerning proper venue which were not dispelled by Hughes. The success of these arguments depends primarily[1] on the meaning of the following venue provision shown on the reverse of each invoice submitted to Algernon:
FLORIDA RESIDENTS. If Buyer is a resident of or located in the State of Florida, the following terms and conditions apply:
* * * * * *
Buyer waives any overall privileges and rights which it may have under Chapter 47, Florida Statutes, relating to venue, as it now exists or may hereafter be amended or construed and under any other applicable statute. Buyer and Seller agree that any legal action brought by either to ensure payment or compliance with terms and conditions of sale, shall be brought in the appropriate court in Orange County, Florida.
Since Hughes alleged in its complaint that Algernon was a foreign corporation located in Alabama, Hughes' venue allegation had to be predicated on the notion that Algernon was a Florida "resident." Hughes argues without citation to supporting authority that Algernon is a "resident" of Florida because it is qualified to do and is "doing business" in Florida.
Assuming that this venue provision is binding on Algernon,[2] whether summary judgment was properly entered in favor of *226 Hughes appears to depend on the meaning of "Florida resident" as used in the provision. While no authority was found on the meaning of the word "resident" as applied to a corporation and used in a venue selection clause,[3] courts have interpreted the term in a number of cases involving venue statutes. One view appears to be that a corporation resides only in the state of its domicile. See, e.g., Suttle v. Reich Bros. Const., 333 U.S. 163, 68 S.Ct. 587, 92 L.Ed. 614 (1948). Some courts have also held that a corporation "resides" in the state where it has its principal place of business. Agway, Inc. v. Kervin, 188 A.D.2d 1076, 592 N.Y.S.2d 183 (N.Y.A.D.1992); National Truckers Serv., Inc. v. Aero Sys., Inc., 480 S.W.2d 455 (Tex.Ct.App.1972). Yet a third view would appear to be that a corporation can "reside" in any state in which it maintains an office for the transaction of business. State ex rel. Henning v. Williams, 345 Mo. 22, 131 S.W.2d 561 (1939).
Florida's venue statutes are of little aid in interpreting the word "resident" as applied to a corporation since the Florida statute that controls venue for corporations does not use "residency" as a basis for venue. § 47.051, Fla. Stat. (1993). The Florida Supreme Court has considered the meaning of the word "resident" as used in a statute which permitted service by publication upon a defendant who, inter alia, was a "resident of a state or country other than this state...." See Fowler v. Chillingworth, 94 Fla. 1, 113 So. 667 (1927). Chillingworth suggests that terms such as "Florida resident" and "resident," as applied to a corporation, are generally understood to be and are intended to be synonymous with the word "domicile." We can find no support for the notion that the term "Florida resident" applies to any foreign corporation which is simply doing business in Florida and which complies with the statutory requirement to maintain an agent in this state for service of process.[4] § 607.1501-.1507, Fla. Stat. (1995). Certainly, the language of the invoice itself suggests that "resident" means more than this.
Algernon plainly answered that it was a Georgia corporation and denied in its answer that venue was proper in Orange County. Chereton v. Armstrong Rubber Co., 87 So.2d 579 (Fla.1956). Where (as here) a plaintiff pleads an affirmative factual basis for venue which is controverted by the defendant's pleadings, in order to be entitled to summary judgment on its complaint, it is incumbent upon the plaintiff to come forward with evidence to demonstrate the propriety of its choice of venue.
Accordingly, the summary final judgment is reversed and the cause remanded for further proceedings.
REVERSED and REMANDED.
THOMPSON, J., concurs.
DAUKSCH, J., concurs in result only.
NOTES
[1] Secondarily, Hughes questions whether Algernon's answer sufficiently raised the venue defense and whether lack of venue was demonstrated on the face of the complaint. We conclude that Algernon's answer, in combination with the allegations in the complaint, asserted the improper venue defense. See also Fla. R. Civ. P. 1.140(b) (improper venue may be raised by motion or asserted in a responsive pleading).
[2] Between merchants, additional terms included in a written confirmation of a contract generally become part of the contract unless an objection is made within a reasonable time. § 672.207, Fla. Stat. (1993). However, additional terms do not become part of the contract where: (a) the offer expressly limits acceptance to the terms of the offer; (b) they materially alter it; or (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received. This issue was not raised by Algernon, however.
[3] Hughes asserts that the same provision at issue in this case was considered in Hughes Supply, Inc. v. Lupton, 487 So.2d 429 (Fla. 5th DCA 1986), but in fact the venue provision at issue in that case did not involve either "residency" or "location" as a basis for venue.
[4] The only record proof that Algernon has a resident agent for service of process is contained in the affidavit of Algernon's counsel, which Hughes apparently contended below was untimely and likewise urges on appeal cannot be considered.