810 So.2d 1086 (2002)
HOST MARRIOTT TOLLROADS, INC., Appellant,
v.
PETROL ENTERPRISES, INC., and the State of Florida Department of Transportation, Appellees.
No. 4D01-3368.
District Court of Appeal of Florida, Fourth District.
March 20, 2002.
*1087 Lonnie L. Simpson and Christian C. Burden of Piper Marbury Rudnick & Wolfe LLP, Tampa, for appellant.
Paul O. Lopez of Tripp Scott, P.A., Fort Lauderdale, for appellee Petrol Enterprises, Inc.
HAZOURI, J.
Host Marriot Tollroads, Inc. ("Host") appeals from a non-final order denying its Motion for Dismissal or Change of Venue and to Remove the Case from the Current Trial Docket. We reverse.
Petrol Enterprises, Inc. ("Petrol") is in the business of furnishing gasoline and servicing gasoline stations in Florida. Petrol entered into an agreement with Host, a Delaware corporation, to provide such services to the Snapper Creek Service Plaza on the Florida Turnpike, in Miami-Dade County, Florida.
On October 18, 1999, Petrol filed a complaint in Broward County circuit court for declaratory and temporary injunctive relief against Host, claiming that Host improperly terminated it as a supplier of gasoline to the Snapper Creek Service Plaza.
Petrol obtained an ex parte temporary injunction order directing Host to permit Petrol to continue supplying gasoline to the Snapper Creek Service Plaza. On October 22, 1999, an agreed order was entered dissolving the ex parte temporary injunction and permitting Petrol to amend its complaint.
On November 10, 1999, Petrol filed its amended complaint, seeking the same relief and adding the Florida Department of Transportation as a co-defendant. The amended complaint alleged that venue was proper in Broward County because Petrol's primary business office was in Broward County. On November 30, 1999, Host answered the amended complaint, admitting that Petrol's primary office is in Broward County but denying that venue is proper in Broward County.
On December 12, 2000, Petrol filed a second amended complaint, dropping the Florida Department of Transportation as a co-defendant. The second amended complaint again alleged that venue was proper in Broward County because Petrol's primary business office was in Broward County. On January 2, 2001, Host answered the second amended complaint again denying that venue was proper in Broward County and asserting that venue was proper only where Host has an office or conducts business.
*1088 On February 13, 2001, Petrol filed a notice for jury trial. On April 16, 2001, a pretrial conference was scheduled for June 22, 2001 and trial was scheduled for June 25, 2001. On May 22, 2001, mediation was scheduled for June 18, 2001.
On June 5, 2001, Host filed a Motion for Dismissal or Change of Venue and to Remove Case from Current Trial Docket asserting that venue was improper in Broward County. At the hearing on the motion, Petrol acknowledged that the improper venue defense had not been waived. Petrol did not contend that venue was proper in Broward County. Petrol argued that it would be unduly burdensome to transfer the case and that the defense was not timely "asserted." The trial court found that although the improper venue defense was raised in the answer, a timely objection was not made because it had not been raised earlier in the form of a separate motion and denied the Motion for Dismissal or Change of Venue.
Host asserts that venue was not proper in Broward County. Section 47.051, Florida Statutes (2000), provides, "Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located." Host is a Delaware corporation and its agent is in Tallahassee, Florida. Petrol has not alleged that Host has a representative in Broward County or any other city. Petrol has also not alleged that the cause of action accrued in Broward County. As asserted by Host, the cause of action as alleged arose upon Host's refusal to allow Petrol to service the Snapper Creek Service Plaza located in Miami-Dade County; thus, the cause of action arose in Miami-Dade County. Petrol did not dispute these facts before the trial court and does not dispute them on appeal.
Additionally, Petrol never argued at the hearing before the trial court that venue was proper in Broward County and does not so assert on appeal. Although Petrol alleged in the second amended complaint that venue was proper in Broward County, the only fact alleged with regards to venue is that Petrol maintains its principal place of business in Broward County. This factual allegation is irrelevant to a venue determination pursuant to section 47.051.
Thus, the facts before the trial court clearly show that venue was not proper in Broward County and would only be proper either in Leon County, where Host's agent is located, or in Miami-Dade County, where the cause of action accrued. The trial court did not find to the contrary. Nevertheless, the trial court denied the Motion for Dismissal or Change of Venue based on a finding that the defense of improper venue was not timely asserted.
The defense of improper venue may be waived if not timely or sufficiently asserted. See Inverness Coca-Cola Bottling Co. v. McDaniel, 78 So.2d 100, 102 (Fla.1955); Gross v. Franklin, 387 So.2d 1046, 1048 (Fla. 3d DCA 1980). Pursuant to Florida Rule of Civil Procedure 1.140, the defense of improper venue may be made either by motion or, if no motion is filed, by a defense raised in the responsive pleading. Id. Rule 1.140 provides in pertinent part:
(b) How Presented. Every defense in law or fact to a claim for relief in a pleading shall be asserted in the responsive pleading, if one is required, but the following defenses may be made by motion at the option of the pleader: ... (3) improper venue ... A motion making any of these defenses shall be made *1089 before pleading if a further pleading is permitted. The grounds on which any of the enumerated defenses are based and the substantial matters of law intended to be argued shall be stated specifically and with particularity in the responsive pleading or motion. Any ground not stated shall be deemed to be waived except any ground showing that the court lacks jurisdiction of the subject matter may be made at any time. No defense or objection is waived by being joined with other defenses or objections in a responsive pleading or motion....
(h) Waiver of Defenses.
(1) A party waives all defenses and objections that the party does not present either by motion under subdivisions (b), (e), or (f) of this rule or, if the party has made no motion, in a responsive pleading except as provided in subdivision (h)(2).
(Emphasis added).
In this case, Host properly raised the defense of improper venue in its answer to the second amended complaint, its first responsive pleading. See Smith v. Randall, 667 So.2d 992, 993 (Fla. 3d DCA 1996) ("Although the plaintiff subsequently filed an amended complaint, the defendants properly raised their defense of improper venue through the first responsive pleading they filed, their answer to the amended complaint.") (citing Fla. R. Civ. P. 1.140(b); Gross v. Franklin, 387 So.2d at 1048).
Petrol argues and the trial court found that although the improper venue defense was raised in the answer, a timely objection was not made because it had not been raised earlier in the form of a separate motion. Rule 1.140 does not require that the defendant file a separate motion asserting the defense of improper venue, after having raised the defense in its first responsive pleading. Additionally, there is no case law setting forth such a requirement. Section 47.122, Florida Statutes (2000) and the cases cited by Petrol in support of this proposition are not applicable, as they deal with motions to change venue for the convenience of the parties or witness, not with the defense of improper venue.
Alternatively, Petrol argues that Host should be barred from asserting the defense of improper venue through the doctrine of laches, because Host inexcusably delayed in asserting its right to challenge venue. Petrol fails to cite to any case law where the doctrine of laches was applied to bar a defendant from asserting the defense of improper venue. Furthermore, the proposition lacks merit. Host asserted the defense in its first responsive pleading in compliance with rule 1.140, which sets forth how such a defense shall be asserted.
Petrol knew at the outset of this litigation that venue was improper in Broward County and that Host was asserting improper venue as a defense. Petrol complains that Host failed to bring the issue to head sooner by way of a motion and that Host waited until the "eleventh hour" to do so. There was nothing to prevent Petrol from having the issue resolved earlier and by doing nothing to address the issue, Petrol cannot be heard to complain.
Although our court has stated that the standard of review for an order on a motion to transfer or dismiss for improper venue is abuse of discretion, see Carr v. Stetson, 741 So.2d 567, 568 (Fla. 4th DCA 1999), in the instant case, there is no discretion to be exercised. It is without dispute that venue in Broward County is improper and that Host objected at its earliest opportunity in its answer to the first amended complaint. "If there is no legal basis to support the plaintiff's choice of venue, the trial court must dismiss the case or transfer it to a forum that is *1090 authorized under the applicable venue statute." See Dive Bimini, Inc. v. Roberts, 745 So.2d 482, 483 (Fla. 1st DCA 1999) (because there were no disputed facts and the venue order turned on a question of law, the first district reviewed the order de novo).
The trial court erred when it denied the Motion for Dismissal or Change of Venue. We, therefore, reverse and remand with directions that the trial court enter an order transferring the case to the proper venue.
POLEN, C.J., and MAY, JJ., concur.