905 So.2d 201 (2005)
TIP TOP ENTERPRISES, INC., a Florida corporation d/b/a Tip Top Tree and Landscaping Service, Appellant,
v.
SUMMIT CONSULTING, INC., as Administrator for Florida Retail Federation Self Insurers Fund, jointly and severally, Appellee.
No. 3D04-1576.
District Court of Appeal of Florida, Third District.
April 6, 2005.
Rehearing and Rehearing Denied July 13, 2005.
Richard F. O'Brien, III, Miami, for appellant.
Knecht & Knecht and Harold C. Knecht, Jr., Miami, for appellee.
Before GREEN, RAMIREZ, and WELLS, JJ.
Rehearing and Rehearing En Banc Denied July 13, 2005.
WELLS, Judge.
Tip Top Enterprises, Inc., the plaintiff below, appeals a non-final order granting Summit Consulting, Inc.'s motion to change venue, claiming that Summit waived its venue objection by failing to affirmatively plead it in either the answer or in a pre-answer motion. We agree and reverse.
Summit is the fund administrator for Florida Retail Federation Self Insurers Fund, Tip Top's worker's compensation insurer. On December 10, 2002, Tip Top, a Miami-Dade County landscaper, notified Summit that one of its employees had sustained an on-the-job injury. Summit denied the claim on the ground that the policy had lapsed for failure to pay the premium. Tip Top, alleging that venue was proper in Miami-Dade County, brought suit in the Eleventh Judicial Circuit seeking declaratory and injunctive relief and damages for breach of contract. Summit answered, generally denying a number of paragraphs, including the paragraph alleging venue in Miami-Dade *202 County, and moved to dismiss the breach of contract count. Summit alleged only a single affirmative defense regarding cancellation of Tip Top's policy for non-payment.
Almost four months after it filed its answer and motion to dismiss, Summit filed its motion to change venue, attaching a copy of Tip Top's policy which stated that "[i]n the event litigation becomes necessary in regard to collection or any other dispute that may arise as a result of this Agreement, the member agrees that Polk County, Florida, will be the proper venue for the legal action." The motion was granted. We reverse.
Rule 1.140 provides that improper venue may be raised by motion, and if no motion is made, as a defense in a responsive pleading. Subsection (b) of the rule also provides that failure to raise a venue defense in a motion, if made, waives the defense, and if raised in a responsive pleading where no motion is made, must be alleged specifically and with particularity:
Every defense in law or fact to a claim for relief in a pleading shall be asserted in the responsive pleading, if one is required, but the following defenses may be made by motion at the option of the pleader: ... (3) improper venue.... A motion making any of these defenses shall be made before pleading if a further pleading is permitted. The grounds on which any of the enumerated defenses are based and the substantial matters of law intended to be argued shall be stated specifically and with particularity in the responsive pleading or motion. Any ground not stated shall be deemed to be waived except any ground showing that the court lacks jurisdiction of the subject matter may be made at any time.
Here, Summit made no 1.140 motion and stated no grounds, specifically, particularly, or otherwise in its answer regarding Tip Top's venue selection, opting instead for a subsequently filed motion for change of venue. As the rule makes clear, the defense was waived. See Aquaco, Inc. v. Hopkin, 323 So.2d 678, 679 (Fla. 3d DCA 1975)(finding that the defendants waived their venue privilege when "they did not file a timely motion therefor or claim the privilege in their answer but asserted the venue privilege ... by motion filed subsequent to the answer"); Fixel v. Clevenger, 285 So.2d 687, 688 (Fla. 3d DCA 1973)(finding that the privilege of venue was waived where the defendant "filed an answer in which he denied all the allegations of the complaint, but made no objection to venue"); 56 Fla. Jur. 2d Venue § 106 (footnotes omitted) ("An assertion of the statutory privilege of being sued in a county other than the one in which the suit or action is brought should, by specific averment, negative a right of the plaintiff to legally maintain the suit in the county in which it is brought.... If the defendant fails to assert, sufficiently, a venue objection, it is the defendant who must bear the consequences").
Summit's reliance on Host Marriott Tollroads, Inc. v. Petrol Enters., Inc., 810 So.2d 1086 (Fla. 4th DCA 2002), where the court found the venue defense had been properly raised, is misplaced. There, the defendant had filed a responsive pleading not only denying that the selected venue was proper, but also affirmatively asserting where venue was proper and why. No similar allegations exist here.
Accordingly, the order on review is reversed with this cause remanded for further proceedings in Miami-Dade, County.