Sunset Cliff Homeowners Assoc. v. Vermont Water Resources Board, No. 551-9-04 Wncv  (Katz, J., May 25, 2005)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                    SUPERIOR COURT
Washington County, ss.:                          Docket No. 551-9-04 Wncv


SUNSET CLIFF HOMEOWNERS
ASSOCIATION

v.

VERMONT WATER RESOURCES BOARD


ENTRY


        Plaintiff challenges, pursuant to 3 V.S.A. § 807, the validity of the Water Resources Board's treatment of its petition to reclassify from Class III to Class II (a more protective designation in the Vermont Wetland Rules) a wetland in or near the neighborhood of Plaintiff's members.  The Board eventually issued a decision declining to reclassify the wetland.  Plaintiff initially challenged the Board's decision in Chittenden Superior Court.  There, as here, Plaintiff claimed, "the Board's refusal to reclassify the property as a higher and more protected class violates the Board's Rules concerning wetlands and misapprehends the relevant facts."  Sunset Cliff v. Vermont Water Resources Board, No. S187-04CnC (Vt. Super. Ct. 05/17/04), Entry, at 1.  By decision of the undersigned, the Chittenden County case was dismissed; Plaintiff did not appeal.  The Board now seeks

dismissal of this case arguing that any review of its reclassification decision here is precluded by the Chittenden County decision, and, in any event, there is no "rule" for Plaintiff to challenge under 3 V.S.A. § 807 (declaratory judgment on validity or applicability of rules).

In the Chittenden County case, the Board sought Rule 12 dismissal for lack of any available (Rule 74 or 75) "avenue of appeal"; the complaint cited Rule 74. The court evaluated and rejected the applicability of Rule 74, Wetland Rules § 9 (appeals), 10 V.S.A. § 1270 (water pollution control appeals), and Rule 75. The opinion reflects Plaintiff's objection that if none of these rules apply, and the agency action it seeks to challenge is "rulemaking" in nature, then Plaintiff ought to be able to proceed under 3 V.S.A. § 807. To this, it was noted that venue under 3 V.S.A. § 807 resides in Washington County, not Chittenden County. It was also noted that Plaintiff's complaint – which, as noted, envisioned review via Rule 74 – did not allege any interference with the legal rights or privileges of Plaintiff or its members, a requirement for a 3 V.S.A. § 807 declaratory action. Absent a § 807 action, it was noted, Plaintiff had resort only to the political process, not the courts. Any amendment to correct the 3 V.S.A. § 807 pleading deficiency obviously could not correct what would remain an improper choice of venue. The case, therefore, was dismissed.

Subsequently, Plaintiff filed this case specifically seeking a 3 V.S.A. § 807 declaratory judgment. We disagree with the Board's argument that the holdings of the Chittenden case preclude this case, at least insofar as this case may be considered pursuant to 3 V.S.A. § 807. Plaintiff did not seek a 3 V.S.A. § 807 declaratory judgment in the Chittenden case and did not craft the complaint prospectively to support such an action. To the extent § 807 was addressed at all, only improper venue and lack of adequate pleading were mentioned. While Plaintiff could have appealed the Chittenden decision in continued pursuit of one of the different avenues of review, filing a complaint pleaded well for 3 V.S.A. § 807 purposes in the court with venue was not a wholly unreasonable reaction. Issue preclusion "bars the subsequent relitigation of an issue that was *actually* litigated and decided in a prior case where that issue was *necessary* to the

2

resolution of the dispute." Alpine Haven Property Owners Assoc. v. Deptula, 2003 VT 51, ¶ 13 (mem.) (emphasis added), citing Trepanier v. Getting Organized, Inc., 155 Vt. 259, 265 (1990) (setting out elements of collateral estoppel). The Chittenden decision, particularly considering its procedural posture, neither alludes nor implies that Plaintiff's action in this case might be precluded because 3 V.S.A. § 807 is not available to Plaintiff. To hold otherwise would inflate the role of that issue in the Chittenden litigation unreasonably and unfairly to Plaintiff. See Trepanier, 155 Vt. at 265 (fairness of applying issue preclusion a central inquiry depending on circumstances of case). An improper choice of venue need not have resulted in dismissal, anyway; improper venue could have been cured by transferring the case to the right court directly. See, e.g., Host Marriot Tollroads, Inc. v. Petrol Enterprises, Inc., 810 So.2d 1086, 1089 (Fla. App. 2002); Lake County Riverboat L.P. ex rel. FRGP, L.P. v. Illinois Gaming Bd., 730 N.E. 2d 524, 530 (Ill. App. 2000).

We must examine, therefore, whether Plaintiff's action properly falls under 3 V.S.A. § 807. Section 807 of the Vermont Administrative Procedures Act provides, in part:

> The validity or applicability of a rule may be determined in an action for declaratory judgment in the Washington Superior court if it is alleged that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff.

A "rule" is defined in the Act as an "agency statement of general applicability which implements, interprets, or prescribes law or policy and which has been adopted in the manner provided by sections 836-844 of this title." 3 V.S.A. § 801(9).

The underlying events of this case were initiated by Plaintiff when it filed a 10 V.S.A. § 905(8) petition requesting that the Board reclassify the wetland at issue. The Board has adopted the Vermont Wetland Rules as an

expression of its rulemaking authority at 10 V.S.A. § 905(7)-(9). Section 905(7) directs the Board to adopt "rules for the identification of wetlands which are so significant that they merit protection," while § 905(8) requires action on petitions to designate the classification of "specific" wetlands. Section 905(9) directs it to adopt rules protecting so identified wetlands. The legislature could have cast such decisions in stone by writing them into the statute. Instead, resolution of these policy issues was delegated to the Board. This is "rulemaking" authority; neither party suggests it is adjudicative. See Appeal of Stratton Corp., 157 Vt. 436, 445 (1991) (arriving at the same conclusion with regard to the Board's analogous reclassification authority in 10 V.S.A. § 1253). Moreover, this authority is truly "legislative" in nature (as opposed to nonlegislative): it is an extension of the legislative process. See 3 Charles H. Koch, Jr., Administrative Law and Practice (2d ed.), § 11.21[1] at 102. That is, the legislature "explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute." Id., § 11.21[1] at 103 (quoting Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843-44 (1984)).

As noted above, the authority to make wetland classification decisions is rulemaking authority. This conclusion is literally consistent with the references to "rules" in 10 V.S.A. § 905(7)-(9). The Board's procedural rules relating to § 905(8) petitions also are generally consistent with this conclusion. See generally Wetland Rules § 7. Upon receipt of a petition, notice is published and a period during which written comments are received ensues. One or more public hearings may follow, and eventually the Board issues a notice of decision which provides a written explanation of the basis for the decision. These are the ordinary incidents of a rulemaking process. We have no doubt, then, that when the Board receives a sufficient petition, as it evidently did in this case, and embarks on this process, it is engaging in a rulemaking process.

Similarly, we have no doubt that when the Board issues a decision reclassifying a wetland that the reclassification determination is a "rule" for VAPA purposes. That is the plain lesson of Stratton. The validity of a rule

4

is, of course, challenged under 3 V.S.A. § 807. Consequently, we understand the Board's claim that there is no "rule" in this case sufficient to trigger the applicability of 3 V.S.A. § 807 to mean that a decision to not reclassify, even one following a rulemaking process, is not a rule, ostensibly distinguishing this case from Stratton. A decision against reclassification, the Board might say, is a decision against adopting a rule; a decision to reclassify is a decision to adopt a rule. Section 807, the Board argues, only applies to challenge a rule; where one is not adopted, 3 V.S.A. § 807 is not available.

The Board's decision to not reclassify the wetland at issue in this case amounts to a decision to retain the wetland's pre-petition classification. Such a decision – particularly one issued on petition after comment and the creation of a record, and consideration of attendant policy issues – is an "agency statement of general applicability" every bit as much as the initial classification decision. It is no less a legislative statement "which implements, interprets, or prescribes law or policy." We also believe it is one "which has been adopted in the manner provided by sections 836-844 of this title." To be sure, it was not adopted according to all of the details of §§ 836-44. Particularly, the petition did not mature into a final proposal reviewed by the legislative committee on administrative rules. See 3 V.S.A. §§ 841-42. That is so, however, only because the Board's policy choice stopped short the rulemaking process. Nevertheless, the Board did arrive at ("adopt") its decision "in the manner" of the §§ 836-44. Those sections merely set out VAPA's rulemaking process. The Board engaged in the rulemaking process and through it arrived at a decision of a uniquely legislative nature, a rule, literally fitting the definitional requirements of 3 V.S.A. § 801(9) and sufficient for purposes of 3 V.S.A. § 807.

Federal courts generally consider an agency decision not to take action to be unreviewable. See 3 Koch, supra, § 12.51[1], at 297 (discussing repercussions of Heckler v. Chaney, 470 U.S. 821) (1985)). State courts tend to avoid review of agency inaction as well. Id., §

5

12.51[4]. This seems to be the Board's position with regards to Plaintiff's effects to challenge its reclassification decision. However,

> The decision to abandon a rule after some proceedings is not the same as an initial refusal to begin rulemaking. Thus, where the alternative form of rule chosen is non-adoption, a court may review that "rule" in the same way it reviews a rule actually promulgated. The nonrule is the result of the same discretionary decision as other rules: there is a record and hopefully reasoning upon which review can take place.

1 Koch, supra, § 4.31[4], at 395 (footnotes omitted). See also Williams Natural Gas Co. v. Federal Energy Regulatory Commission, 872 F.2d 438, 443 (D.C. Cir. 1989); Natural Resources Defense Council v. Securities and Exchange Commission, 606 F.2d 1031, 1047 (D.C. Cir. 1979).

We therefore conclude that the Chittenden case does not foreclose this case, which may be considered pursuant to 3 V.S.A. § 807.

Defendant's motion to dismiss is denied. Defendant's motion for sanctions, which is premised on the preclusive effect of the Chittenden case, also is denied.

Dated at Montpelier, Vermont, _____, 20___.

_____
Judge