913 So.2d 72 (2005)
THREE SEAS CORPORATION, Appellant,
v.
FFE TRANSPORTATION SERVICES, INC., Appellee.
No. 3D05-463.
District Court of Appeal of Florida, Third District.
October 5, 2005.
*73 Paul J. Kneski, Miami, for appellant.
Hinshaw & Culbertson, LLP and Andrea B. Chirls and Robert K. Tucker, Miami, for appellee.
Before COPE, C.J., and SHEPHERD and ROTHENBERG, JJ.
COPE, C.J.
This is an appeal of an order dismissing a complaint for improper venue. Because the defending party did not timely plead this defense with the particularity required by Florida Rule of Civil Procedure 1.140(b), we reverse the dismissal order.

I.
Plaintiff-appellant Three Seas Corporation sued defendant-appellee FFE Transportation Services, Inc. for breach of contract. In paragraph four the complaint alleged that venue was proper in Miami-Dade County, Florida. In the answer the defendant denied the allegations of count four, but gave no further explanation.
*74 The original complaint stated that the plaintiff was bringing suit on a 1995 written contract between the parties. The plaintiff alleged that the defendant breached its contractual obligations on October 1, 1997 and thereafter through the termination date of the parties' agreement. The 1995 contract was attached to the complaint.
New counsel entered the case for the plaintiff and discovered that the parties had actually had a series of one-year identical agreements entered into in 1995, 1996, 1997, and 1998.
Plaintiff was granted leave to amend to allege the existence of the additional one-year agreements. These were attached to the amended complaint. The amended complaint reiterated the same breaches of contract and asserted the same claim for damages.
The defendant moved to dismiss, arguing that each of the written contracts contained a forum selection clause providing (so far as pertinent here) for any lawsuit arising out of the agreement to be filed in Dallas County, Texas.
The trial court granted the motion to dismiss the amended complaint, and the plaintiff has appealed.

II.
Rule 1.140(b) requires that the defense of improper venue be stated with particularity in any responsive pleading or motion filed by the defending party. The rule states in part:
(b) How Presented. Every defense in law or fact to a claim for relief in a pleading shall be asserted in the responsive pleading, if one is required, but the following defenses may be made by motion at the option of the pleader: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a cause of action, and (7) failure to join indispensable parties. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. The grounds on which any of the enumerated defenses are based and the substantial matters of law intended to be argued shall be stated specifically and with particularity in the responsive pleading or motion. Any ground not stated shall be deemed to be waived except any ground showing that the court lacks jurisdiction of the subject matter may be made at any time.
Id. (some emphasis in original, some emphasis added). The Florida Supreme Court has said "that one who would assert the venue privilege should, at the earliest possible time, and no later than the filing of his answer, plead all matters then known to him which would negative proper venue." Inverness Coca-Cola Bottling Co. v. McDaniel, 78 So.2d 100, 103 (Fla.1955).
In its answer to the complaint, the defendant made a simple unexplained denial to the allegation that venue was proper in Miami-Dade County. The defendant argues that this denial should have alerted the plaintiff to the venue issue.
The defendant's argument is without merit. Rule 1.140(b) requires the defendant to plead "specifically and with particularity" the defense of improper venue, failing which the point will be waived. Id.; see Inverness Coca-Cola Bottling Co., 78 So.2d at 103; Tip Top Enters., Inc. v. Summit Consulting, Inc., 905 So.2d 201 (Fla. 3d DCA 2005); Host Marriott Tollroads, Inc. v. Petrol Enters., Inc., 810 So.2d 1086, 1088 (Fla. 4th DCA 2002). As the defense of improper venue was not *75 pled with particularity in this case, the point was waived.
The defendant argues that since the 1995 contract was attached to the complaint, the contract is treated as having been incorporated into the complaint. This means, according to the defendant, that the defense of improper venue appeared on the face of the plaintiff's complaint. The defendant contends that if the defense of improper venue appears on the face of the initial pleading, it follows that the defendant is excused from compliance with Rule 1.140(b) and a simple denial of the venue allegation will be sufficient.
We decline to accept the defendant's argument on this point. Rule 1.140(b) contains no such exception. The defendant must follow the terms of the Rule.
The defendant urges that its position is supported by Algernon Blair Contractors v. Hughes Supply, Inc., 684 So.2d 223 (Fla. 5th DCA 1996). We disagree, for that case is distinguishable from the present one. In Algernon Blair, the defendant's answer included the express statement that "Algernon denies that venue is proper in Orange County, Florida and therefore denies the allegations of paragraph 4 of the Complaint." Id. at 224-25. The Fifth District concluded that this defense was sufficient for purposes of Rule 1.140(b). Id. at 225 n. 1. Assuming for present purposes that Algernon Blair is correctly decided on the particularity issue, the defendant's answer in the present case falls woefully short. In the present case the defendant's answer contains no express reference to improper venue whatsoever.
The defendant also argues that its position is supported by Host Marriott Tollroads, Inc. v. Petrol Enters., Inc., 810 So.2d at 1088, but that is not so. In that case the plaintiff Petrol "acknowledged that the improper venue defense had not been waived," id. at 1088, and Host Marriott raised the defense of improper venue in its first responsive pleading. Id. at 1089. The waiver argument in Host Marriott was that Host Marriott should have raised the defense by a motion but, as the Fourth District pointed out, a separate motion is not required where the defending party timely raises the defense of improper venue in its first responsive pleading.
We therefore conclude that the venue point was waived because of insufficient particularity in the defendant's answer.

III.
The defendant argues alternatively that even if the point was waived with regard to the 1995 contract, the defense was timely asserted with respect to the 1996, 1997, and 1998 contracts which were attached to the amended complaint. The defendant moved to dismiss the amended complaint for improper venue.
Under the circumstances of this case, we reject the defendant's argument. With respect to the written contracts, the amended complaint repeated the identical breach of contract claim which had been made in the original complaint, namely, a breach of contract occurring on October 1, 1997 through the contract termination date. The substance of the breach of contract claim remained unchanged. The difference was the fact that for the relevant time period, there had been four identical one-year contracts rather than a single contract covering the entire period. We conclude that the defendant's waiver of the point applies to the entire case. "The filing of amended pleadings does not revive a waived venue argument." Marine Envtl. Partners, Inc. v. Johnson, 863 So.2d 423, 428 (Fla. 4th DCA 2003); MacDonald v. MacDonald, 444 So.2d 531, 532 (Fla. 1st DCA 1984).
*76 For the stated reasons, we reverse the dismissal order and remand for further proceedings.