# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2024-0873
LT Case No. 2021-11737-CIDL

_____

BCD EDGEWATER, LLC,

    Appellant,

    v.

EL2 DEVELOPMENT, LLC, and
RAFAEL STERNBUCH,

    Appellees.

_____

Nonfinal appeal from the Circuit Court for Volusia County.
Rose Marie K. Preddy, Judge.

Joseph Zelmanovitz, of Stahl & Zelmanovitz, New York, New York, and Dennis R. Haber, of Dennis R. Haber, PA, Miami, for Appellant.

William E. Calnan, of The Tarich Law Firm P.A., Hollywood, for Appellee, Rafael Sternbuch.

No Appearance for Remaining Appellee.


June 25, 2025

SOUD, J.

Appellant BCD Edgewater, LLC appeals the trial court's denial of its motion to dismiss Appellee Rafael Sternbuch's amended crossclaim, which argued in part that dismissal was required based on a contractual forum selection clause. We have jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.130(a)(3)(A). We affirm because Edgewater waived this defense.

Ownership of certain property in Volusia County, Florida is at issue in this case. Pertinent for our purposes, Appellee EL2 Development, LLC filed a two-count complaint below against Edgewater and Sternbuch, which in essence sought to extinguish all competing claims of title to the subject property. Sternbuch filed his answer, together with his counterclaim against EL2 and crossclaim against Edgewater.[1] Thereafter, Edgewater moved to dismiss Sternbuch's crossclaim but, importantly, did not challenge venue. Edgewater's motion was granted in part and denied in part, and Sternbuch was given leave to file an amended crossclaim.

After Sternbuch filed his amended crossclaim, Edgewater again moved to dismiss, arguing—for the first time—that dismissal was required because, *inter alia*, venue could not lie in the Seventh Circuit of Florida because operable mandatory forum selection clauses required the subject action be brought in Delaware. Ultimately, after Sternbuch again amended his crossclaim, Edgewater again moved to dismiss, specifically challenging venue on the basis that the mandatory forum selection clause in the Loan Agreement with non-party Lexington Holdings, LLC[2] required dismissal. The trial court ultimately rejected Edgewater's venue argument, denied its motion, and ordered Edgewater to answer Sternbuch's amended crossclaim.

---

[1] Sternbuch originally brought the crossclaim against Edgewater together with "interested parties" BCD USA, LLC, Yakov Kleiner, and Rafael Hofman. Ultimately, the trial court ruled that non-parties BCD USA, Kleiner, and Hofman lacked standing to bring a crossclaim as they were not named in EL2's underlying complaint.

[2] EL2 alleged in its complaint that Edgewater obtained title to the property with proceeds from a loan from Lexington.

This appeal followed.

In resolving this case, we need not decide (i) whether the forum selection clause is mandatory or permissive or (ii) whether the forum selection clause is enforceable against Sternbuch, who was not a party to the Loan Agreement. Rather, we affirm the trial court's order because Edgewater waived its objection to venue based on the forum selection clause by choosing not to assert that defense in its first motion to dismiss.

Florida law presumes forum selection clauses are valid and enforceable because "parties to a contract, of course, may in their contract agree on a venue for actions related to the contract." *Prop. Registration Champions, LLC v. Mulberry*, 373 So. 3d 675, 678 (Fla. 5th DCA 2023). Such provisions afford contracting parties "a degree of certainty to business contracts by obviating jurisdictional struggles and by allowing parties to tailor the dispute resolution mechanism to their particular situation." *Id.*

Nonetheless, when objecting to venue based on a contract's forum selection clause, a defending party must do so at its first opportunity—either in a motion to dismiss or answer filed within twenty days of service of the opposing cause of action. *See* Fla. R. Civ. P. 1.140(b); *see also Marine Env't Partners, Inc. v. Johnson*, 863 So. 2d 423, 428 (Fla. 4th DCA 2003). If the venue objection born of the forum selection clause is not raised in such manner, that ground "must be deemed to be waived." Fla. R. Civ. P. 1.140(b); *see also* Fla. R. Civ. P. 1.140(h)(1); *Three Seas Corp. v. FFE Transp. Servs., Inc.*, 913 So. 2d 72, 74 (Fla. 3d DCA 2005).

Here, when Edgewater moved to dismiss Sternbuch's originally filed crossclaim, it chose not to seek dismissal on the defense of improper venue based on the forum selection clause. As a result, consistent with Florida Rule of Civil Procedure 1.140(b), Edgewater waived that defense. *See Three Seas Corp.*, 913 So. 2d at 74–75. Additionally, the fact the Sternbuch filed amended crossclaim(s) when given the opportunity to do so does not resurrect Edgewater's ability to assert the defense for the first time in the second and subsequent motions to dismiss. *See id.* at 75 ("The filing of amended pleadings does not revive a waived venue argument." (quoting *Johnson*, 863 So. 2d at 428)). As Edgewater's venue objection was available to it regarding the

original crossclaim, and Edgewater did not raise the forum selection clause at that time, it may not do so upon Sternbuch's filing his amended crossclaim. *See MacDonald v. MacDonald*, 444 So. 2d 531, 532 (Fla. 1st DCA 1984) ("A motion directed to an amended pleading cannot raise objections to retained portions of an original pleading when such objections were available and not urged or unsuccessfully urged on motion to the original pleading." (quoting *Beach Dev. Corp. v. Stimson,* 159 So. 2d 113, 115 (Fla. 2d DCA 1963))).

Accordingly, as Edgewater waived its argument that dismissal was required because the forum selection clause required Sternbuch's claim be brought in Delaware, the trial court's order denying the motion to dismiss is AFFIRMED.

It is so ordered.

MAKAR and BOATWRIGHT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____